# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Garden Oaks Maintenance | § | CASE NO.        18-60018 |
| Organization, Inc. | § | Chapter 11 |
|     DEBTOR | § | |
| | § | |

## EMERGENCY MOTION
## TO AUTHORIZE DEPOSIT OF FUNDS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

    REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

    **EMERGENCY RELIEF HAS BEEN REQUESTED.**

    **IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

    **COMES NOW,** Garden Oaks Maintenance Organization, Inc., Debtor and

Debtor-In-Possession, and requests the Court to authorize the deposit of funds on hand, and would respectfully show as follows:

## BACKGROUND

1. This voluntary Chapter 11 was filed on April 11, 2018.
2. The Debtor is a Texas corporation, and operates as a Texas non-profit Home Owners Association that furthers the common interests of residents in the Garden Oaks subdivision of Houston Texas. The subdivision is located generally in the northwest portion of Houston, bordered by loop 610NW, Hwy 290, and Pinemont/W. Tidwell Rd. It is the third largest group of subdivisions in Harris County.
3. The bankruptcy filing results from a recent state court judgment determining that certain aspects of the formation of the Property Owners Association ("POA") were invalid pursuant to TEX. PROP. CODE § 201.005, as to two particular homeowners.

## REQUESTED RELIEF

4. The state trial and appellate courts found certain formation requirements lacking that would enable the Debtor to, *e.g.*, mandate the payment of assessments.
5. However, the state courts made their findings applicable only as to the particular plaintiffs involved in the litigation, and each withheld more general findings as to the association as a whole or as an ongoing statutory POA.
6. Since the time of the appellate court ruling and the filing of the bankruptcy case, the Debtor has received checks for payment of assessments (assessments are paid only upon the transfer of property located in the managed subdivisions).
7. The board has been reluctant to authorize the deposit of the received funds.

8. The Debtor requests authority from this Court to deposit funds on hand, specifically:

    a. Check #18000672     $2,737.50     220 W. 34th St.       Brown
    b. Check #61066        $3,321.75     232 W. 30th St.       Seabolt
    c. Check #2008809      $4,837.50     403 W. 31st St.       Painter
    d. Check #65111329     $4,350.00     511 W. 31st St.       Houston
    e. Check #128182       $5,188.96     524 W. 30th St.       Neely
    f. Check #521035060    $4,162.50     734 W. 42nd St.       Yu/Irvin
    g. Check #90024619     $5,482.50     748 W. 42nd St.       Maldonado
    h. Check #129112       $3,900.00     753 W. 42nd St.       Gary
    i. Check #2008093      $4,470.00     807 W. 42nd St.       Bonner
    j. Check #1517         $10,654.21    823 W. 41st St.       Street
    k. Check #2008403      $4,425.00     866 Lamonte Ln.       Berg
    l. Check #2008417      $6,315.00     1023 Althea Dr.       Kunz/Pauls
    m. Check #129596       $2,925.00     1063 W. 43rd St.      Eason
    n. Check #65112986     $3,315.00     1066 W. 42nd St.      GMS Int.
    o. Check #586016439    $4,500.00     1075 W. 41st St.      Escobedo
    p. Check #2008333      $3,131.73     1083 W. 41st St.      Soto
    q. Check #2008105      $3,435.00     1547 Sue Barnett      Shinn/Walt
    r. Check #65110392     $3,037.50     4211 Apollo St.       Hans
    s. Check #685000877    $1,980.00     4303 Apollo St.       Harris

9. The itemized checks are in the Debtor's possession and are property of the estate.

10. Debtor requests an order from this Court requiring the management of the Debtor to deposit each of the checks into the Debtor's money market account.

**WHEREFORE**, Garden Oaks Maintenance Organization, Inc. requests the Court

to authorize, and require the deposit each of the itemized checks, and to grant it such other and further relief, at law or in equity, to which it may be justly entitled.

Dated:   April 18, 2018

                                                Respectfully submitted,
                                                By:    */s/ Johnie Patterson*
                                                      Johnie Patterson
                                                      PROPOSED COUNSEL FOR THE DEBTOR
                                                      SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion* was served upon the United States Trustee, Suite 3516, 515 Rusk, Houston, TX 77002 by electronic transmission, and was posted on the Debtor's website at www.gardenoaks.org on April 18, 2018.

                                                */s/ Johnie Patterson*
                                                Johnie Patterson