## **EXHIBIT B**

**The Rubio Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARDEN OAKS MAINTENANCE | § | Case No. 18-60018 |
| ORGANIZATION, INC. | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**DECLARATION OF CHARLES M. RUBIO IN SUPPORT OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**APPLICATION TO EMPLOY DIAMOND MCCARTHY LLP  AS COUNSEL**

I, Charles M. Rubio, declare under penalty of perjury as follows:

1.      I am an attorney at law duly admitted and in good standing to practice in Texas and New York and before the United States District Courts for the Southern, Western, Northern and Eastern Districts of Texas and the Southern and Eastern Districts of New York.  I am a partner in the Houston office of the law firm Diamond McCarthy LLP, located at 909 Fannin, Suite 3700, Houston, Texas 77010.

2.      I make this declaration in support of *The Official Committee Of Unsecured Creditors' Application to Employ Diamond McCarthy LLP  as Counsel Nunc Pro Tunc to June 4, 2018* (the "Application").[3]

3.      Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of Diamond McCarthy reviewed by other lawyers and paraprofessionals at Diamond McCarthy under my supervision and direction, or derived from information available to me that I believe to be true and correct.

---

[3]  Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

## RETENTION AND SCOPE OF SERVICES

4.      On May 31, 2018, the United States Trustee for Region 7 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code § 1102.  On June 4, 2018, the Committee selected Diamond McCarthy to serve as counsel to the Committee, subject to the approval of the Court. In the retention letter formalizing the retention, Diamond McCarthy agreed to serve as Committee Counsel and charge its standard hourly rates described below, these rates are reasonable and fall within the range of rates charged by other counsel on similar matters in the Houston market.

5.      Diamond McCarthy will serve as general bankruptcy counsel to the Committee. These services include or may include the following:

      (a)    Advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;

      (b)    Assisting and advising  the Committee in its consultations and negotiations with the Debtor and other parties in interest;

      (c)    Assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims or other interests;

      (d)    Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and its insiders and the operation of the Debtor's business;

      (e)    Assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions, and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

      (f)    Assisting and advising the Committee as to its communications to the general creditor body regarding significant matters in the Chapter 11 Case;

      (g)    Representing the Committee at all hearings and other proceedings before the bankruptcy court;

    (h)    Reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join, or object thereto;

    (i)    Advising and assisting the Committee as to any legislative, regulatory, or governmental activities;

    (j)    Assisting the Committee in its review and analysis of the Debtor's various agreements;

    (k)    Preparing, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any matter related to the Debtor or the Chapter 11 Case;

    (l)    Investigating and analyzing any claims belonging to the Debtor's estate; and

    (m)    Performing such other legal services that may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

## QUALIFICATIONS, PROPOSED COMPENSATION, AND PRE-PETITION COMPENSATION

6.    The Diamond McCarthy attorneys that will make up the team representing the Committee have long-standing experience serving as bankruptcy counsel in large bankruptcy cases, resolving complex litigation matters involving bankruptcy debtors, corporate reorganization, and debtor/creditor relations, and are well-qualified to represent the Committee's interests in the Chapter 11 Case. Diamond McCarthy's experience and expertise in complex business reorganization and insolvency cases will substantially benefit the Debtor's estate because Diamond McCarthy's services will promote the effective and efficient administration of the Debtor's case and will help to maximize the value of the estates.

7.    The Diamond McCarthy team for this engagement will be led by me and will include my associate R. J. Shannon. The professional biographies of each of the attorneys at

Diamond    McCarthy    are    located    on    the    Diamond    McCarthy    website    at
www.diamondmccarthy.com.

8.      Subject to the Court's approval, Diamond McCarthy will charge for its legal
services on an hourly basis in accordance with its ordinary and customary hourly rates in effect
on the date such services are rendered, subject to Bankruptcy Code §§ 330 and 331. Diamond
McCarthy will apply for compensation and reimbursement of expenses in accordance with the
procedures set forth in Bankruptcy Code §§ 330 and 331, the applicable Bankruptcy Rules, and
any other applicable order of the Court. Diamond McCarthy anticipates seeking interim
compensation pursuant to § 331 of the Bankruptcy Code and any relevant order of the Court.

9.      The current standard hourly rates charged by Diamond McCarthy range from
$450.00 to $850.00 per hour for partners and counsel, $295.00 to $340.00 per hour for
associates, and $145 to $220 per hour for paralegals and support staff.  The following is a list of
the Diamond McCarthy attorneys and paraprofessional who will be providing the primary legal
services for the Debtor in connection with this case, as well as their standard hourly rates
currently in effect:

| TIMEKEEPER | POSITION | HOURLY RATE |
|---|---|---|
| Charles M. Rubio | Attorney (Partner) | $475.00 |
| R. J. Shannon | Attorney (Associate) | $325.00 |
| Cathy Burrows | Paralegal | $220.00 |

10.      I believe these rates are reasonable and consistent with the rates charged by
professionals with comparable experience in the Houston legal market.

11.      The rate of each professional working on this case will be clearly reflected in
Diamond McCarthy's invoices and fee applications.  Diamond McCarthy will maintain detailed

records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

12.      Neither Diamond McCarthy nor any partners of Diamond McCarthy have divided, paid over, or shared, or agreed to divide, pay over, or share, (a) any compensation it has or they have received or may receive for services rendered or expenses incurred in connection with the Chapter 11 Case with another party or person (except as among the partners, counsel and associates of Diamond McCarthy), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this case.

13.      Diamond McCarthy's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client. The expenses charged to clients include, among other things, photocopying charges, travel expenses, and computerized research. Diamond McCarthy will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

## **ELIGIBILITY AND DISINTERESTEDNESS**

14.      Diamond McCarthy performed the following actions to determine whether the Firm or any of its attorneys has any conflict of interest or connection that would preclude Diamond McCarthy from serving as the Committee's bankruptcy counsel in this Chapter 11 Case:

a.      First, Diamond McCarthy conducted a conflict check against the Debtor's parties in interest listed on Schedule 1 annexed to this declaration.  The conflict check did not reveal any conflicts.

b.      Second, either I or my staff sent an email to all email account holders within Diamond McCarthy requesting a conflict check be performed on parties in interest listed on Schedule 1..   Such email also requested whether any user knew of any connection to the adverse parties.

2.      The results of the foregoing conflict check process confirm that neither I, nor Diamond McCarthy, nor any of its members or associates, to the best of my knowledge, have any disqualifying connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.  Diamond McCarthy is not a creditor of the Debtor.

3.      Diamond McCarthy practices law in the insolvency-related arena, and our practice includes insolvency-related litigation.  Consequently, Diamond McCarthy may have "connections" with many of the attorneys and other professionals involved in the Chapter 11 Case.  Diamond McCarthy may have referred matters to other professionals involved in the Chapter 11 Case, and it may have been referred matters by such parties.  Diamond McCarthy may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Chapter 11 Case.

4.      Neither I, nor Diamond McCarthy, nor any of its partners or associates, insofar as I have been able to ascertain, represents any interest adverse to the Debtor in the matters upon which Diamond McCarthy is to be engaged.  To the best of my knowledge, Diamond McCarthy is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that Diamond McCarthy, its partners, counsel, and associates:

a.      Are not creditors, equity security holders or insiders of the Debtor;

b.      Are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

c.      Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

5.      Despite Diamond McCarthy's best efforts to identify and disclose its connections with the adverse parties in the Chapter 11 Case, Diamond McCarthy is unable to state with absolute

10

certainty that every client representation or other connection has been disclosed.  In this regard, if Diamond McCarthy discovers additional information that requires disclosure, Diamond McCarthy will file a supplemental disclosure with the Court.

6.      The proposed retention of Diamond McCarthy is not prohibited by or improper under Bankruptcy Rule 5002.  Diamond McCarthy and the professionals it employs are qualified to represent the Debtor in the matters for which Diamond McCarthy is proposed to be retained.

7.      I believe that Diamond McCarthy is eligible for employment and retention by the Debtor pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, on July 5, 2018.

By:   */s/ Charles M. Rubio*
        Charles M. Rubio

11

<u>**SCHEDULE 1**</u>

**Parties in Interest for Conflict Search**

Diamond McCarthy used the following list to search for connections and conflicts in connection with the Chapter 11 Case:

<u>Debtor:</u>

Garden Oaks Maintenance Organization Inc.

<u>Debtor's Attorney:</u>

Johnie J Patterson
Walker & Patterson,P.C.

<u>Members of the Committee:</u>

Peter Shun-Hsien Chang
Cheryl Luck
Patricia Mehrkam
Gary C. Ingram
Susanna Schmidt