**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARDEN OAKS MAINTENANCE** | § | **Case No. 18-60018** |
| **ORGANIZATION, INC.,** | § | **(Chapter 11)** |
| | § | |
| **DEBTOR.** | § | |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF DIAMOND McCARTHY LLP, AS
GENERAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF GARDEN OAKS MAINTENANCE ORGANIZATION, INC., FOR
THE PERIOD JUNE 4, 2018 THROUGH SEPTEMBER 30, 2018**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**SUMMARY OF FEE APPLICATION**

| | |
|---|---|
| Date of Hearing: | Date Not Set |
| Name of Applicant: | Diamond McCarthy LLP |
| Authorized to Provide Professional Services to: | the Official Committee of Unsecured Creditors of Garden Oaks Maintenance Organization, Inc. |
| Date Order of Appointment signed: | August 10, 2018 |
| Date Rule 2016(b) statement filed: | N/A |
| Period for which Compensation and Reimbursement is sought: | June 4, 2018 to September 30, 2018 |
| Total Professional Service Fees Sought: | $98,312.00 |
| Total Hours expended: | 256.1 |
| Professional rates:     high: | $475.00 |
| low: | $145.00 |
| Blended hourly rate sought: | $383.88 |
| Total Expenses sought: | $2,351.81 |
| Retainer amount: | $0 |
| Total compensation and expenses previously awarded: | $100,663.81 |
| Prior applications, dates, amounts: | N/A |
| This is an: interim/final application | Interim |

## INDEX OF EXHIBITS

Exhibit A         Diamond McCarthy's Timekeepers and Billing Rates

Exhibit B         Diamond McCarthy's Professionals' Biographies

Exhibit C         Summary of Time Expended by Timekeepers and Categories

Exhibit C-1       Matter 11: Case and Committee Administration Invoices

Exhibit C-2       Matter 12: Claims Administration and Objections Invoices

Exhibit C-3       Matter 13: Fee/Employment Applications/Objections Invoices

Exhibit C-4       Matter 14: Litigation Invoices

Exhibit C-5       Matter 15: Meetings/Communications with Creditors Invoices

Exhibit C-6       Matter 16: Plan and Disclosure Statement Invoices

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Diamond McCarthy LLP ("Diamond McCarthy"), general counsel to the Official Committee of Unsecured Creditors (the "Committee") of Garden Oaks Maintenance Organization, Inc. ("GOMO"), hereby submits its First Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Application"), pursuant to §§ 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2016-1, seeking the entry of an order granting interim allowance of compensation for professional services rendered to the Committee in connection with GOMO's chapter 11 case (the "Chapter 11 Case") and out-of-pocket expenses incurred in connection therewith during the period from June 4, 2018 through and including September 30, 2018 (the "Application Period").  In support of the Application, Diamond McCarthy respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.      The Court has authority to grant the relief requested in this Application pursuant to Bankruptcy Code §§ 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## BACKGROUND

A.      **Procedural Background.**

3.      On April 11, 2018 (the "Petition Date"), GOMO filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4.      GOMO continues to operates its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.  No request has been made for the appointment of a trustee or an examiner.

5.      On May 31, 2018, the United States Trustee for Region 7 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code § 1102.  ECF No. 28.  On June 4, 2018, the Committee selected Diamond McCarthy to serve as its counsel, subject to the approval of the Court.

**B.      Diamond McCarthy's Employment.**

6.      Diamond McCarthy, on behalf of the Committee, filed its application for employment as general counsel to the Committee on July 5, 2018 (the "General Counsel Application").  ECF No. 36.

7.      On July 19, 2018, the Committee filed a supplement in support of the General Counsel Application signed by members of the Committee.  ECF No. 38.

8.      The Court approved the General Counsel Application on August 10, 2018.  ECF No. 47.

9.      As set forth in the General Counsel Application, the Committee retained Diamond McCarthy to act as its general counsel because the firm has significant experience in bankruptcy matters.

10.     In this case, Diamond McCarthy is assisting the Committee by provided the following legal services, as necessary:

- Advising the Committee concerning its rights, powers and duties under § 1103 of the Bankruptcy Code;

- Assisting and advising the Committee in its negotiations and consultations with GOMO, creditors, and parties-in-interest relative to the administration of the Bankruptcy Case;

- Developing and negotiating a chapter 11 plan of reorganization with GOMO, and if appropriate, formulate and file a plan of reorganization proposed by the Committee;

- Assisting with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of GOMO;

- Assisting and advising the Committee in its communications with the general unsecured creditor constituency regarding significant matters in the Bankruptcy Case;

- Attending meetings and negotiating with the representatives of GOMO and other parties;

- Representing the Committee at hearings and other proceedings and taking such action as is necessary to preserve and protect the rights of GOMO's unsecured creditors;

- Reviewing, analyzing and preparing applications, orders, and pleadings filed with the bankruptcy court; and

- Performing such other legal services for and on behalf of the Committee as may be necessary or appropriate to assist the Committee in satisfying its duties under § 1103 of the Bankruptcy Code.

**C.      Diamond McCarthy's Compensation.**

11.      Pursuant to the General Counsel Application and the parties' engagement agreement, the Committee did not provide a retainer to Diamond McCarthy.

12.      Further, Diamond McCarthy has no agreement or understanding with any other entity for the sharing of compensation to be received for services rendered in connection with the case.

13.      This is Diamond McCarthy's first request for interim allowance and payment of fees and expenses.

6

**RELIEF REQUESTED**

14.     Diamond McCarthy has made every effort to ensure that the Application complies with the Local Rules for the Southern District of Texas and has been prepared in accordance with the *United States Trustee Appendix A—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, dated May 17, 1996 (the "Guidelines").

15.     By this Application, Diamond McCarthy seeks the entry of an order granting (a) interim allowance of compensation for the professional services rendered by Diamond McCarthy as general counsel to the Committee during the Application Period in the amount of $98,312.00, representing 256.1 hours in attorney and paraprofessional services, and (b) reimbursement of actual and necessary expenses incurred by Diamond McCarthy during the Application Period in the amount of $2,351.81.

**NATURE AND EXTENT OF SERVICES PROVIDED BY APPLICANT**

16.     Diamond McCarthy has maintained detailed written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.  Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Diamond McCarthy's practice.  Diamond McCarthy's hourly billing rates, as set out in **Exhibit A**, are the rates Diamond McCarthy regularly charges its hourly clients.  As demonstrated by **Exhibit B**, Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities. The individual time records were recorded by the attorney or paraprofessional who rendered the described service.  Attached as **Exhibit C** are copies of the actual time records maintained by

Diamond McCarthy, along with summaries of the number of hours worked and the total charges

of Diamond McCarthy, separated into individual categories of services rendered during the

Application Period.

       17.     In addition to the requirement that a description of the general services rendered

by a professional be provided in a fee application, the Guidelines require that applications for

compensation should include:

> A description of the project, its necessity and benefit to the
> estate, . . . identification of each person providing services on the
> project; and a statement of the number of hours spent and the
> amount of compensation requested for each professional and
> paraprofessional on the project.

       18.     Accordingly, Diamond McCarthy established separate billing categories for use in

its representation of the Committee.  These distinct, numbered project billing categories enabled

Diamond McCarthy to monitor its activities and appropriately account for the time expended by

each professional and paraprofessional in each category.  The billing records attached as Exhibits

C-1 through C-6 reflect the following segregation of services rendered by billing categories:

| | |
|---|---|
| 0011 | Case and Committee Administration |
| 0012 | Claims Administration and Objections |
| 0013 | Fee/Employment Applications/Objections |
| 0014 | Litigation |
| 0015 | Meetings/Communications with Creditors |
| 0016 | Plan and Disclosure Statement |

       19.     Diamond McCarthy further accounted for the time expended within the various

categories by delineating the amount of time expended by task.  This procedure enabled

Diamond McCarthy to better inform the Committee, the Court, and the U.S. Trustee regarding

the nature of the services provided and time expended by its professionals.

20.     To streamline and control legal fees and expenses, Diamond McCarthy has sought to minimize the expenditure of time by its partners by delegating responsibilities to associates and other paraprofessional employees, as appropriate.  The blended hourly rate of all Diamond McCarthy professionals and paraprofessionals who provided services during the Application Period is $383.88.

21.     Set forth below is a summary description, by project billing category, of the services rendered by each Diamond McCarthy professional.  The specific tasks undertaken by Diamond McCarthy, the number of hours devoted, and the amounts charged by each professional or paraprofessional within each billing category are detailed in the work records attached as **Exhibit C**.

A.     **Case and Committee Administration – Matter 11**

22.     The total hours and amounts charged by Diamond McCarthy professionals and paraprofessionals to Matter 11 are 111.3 hours, representing $41,619.00 in fees.

23.     The Case and Committee Administration billing category includes all professional services related to the general representation of the Committee.  Within this category, Diamond McCarthy provided the following professional services:

- Organizing the Committee by drafting its bylaws.

- Having numerous in-person, and telephonic meetings with the members of the Committee to discuss the administration of the case, pleadings filed by GOMO, information obtained from GOMO and public sources, strategy for the case, drafts of pleadings, and other related matters.

- Helping the Committee collect information including through the use of formal discovery.

- Responding to GOMO's and the U.S. Trustee office's requests for information regarding the Committee members.

- Working with the Committee members to prepare for court hearings, meetings with GOMO, and town halls.

24.    While efforts were undertaken to allocate time reported in this category to other distinct categories, there may remain some identifiable services within the time records under the Case and Committee Administration billing category that could have been allocated to other categories of services.

**B.    Fee/Employment Applications/Objections - Matter 13**

25.    The total hours and amounts charged by each Diamond McCarthy professional to Matter 13 are 22.4 hours, representing $7,656.50 in fees.

26.    Diamond McCarthy professionals served the Committee by preparing an engagement letter and employment application.  Diamond McCarthy also responded to GOMO's objection to Diamond McCarthy's retention in the case.

**C.    Litigation- Matter 14**

27.    Diamond McCarthy professionals served the Committee by providing the following litigation-related services:

- Preparing a declaratory judgement action for the Court to address the reason for GOMO's bankruptcy filing – whether GOMO has the ability to continue collecting transfer fees in light of certain findings made by Texas state courts involving GOMO's formation as a property owner's association.

- In connection therewith, Diamond McCarthy had to perform extensive research into Texas property law and documents filed in the real property records, confer with potential witnesses, and develop its arguments and presentation for the Court.

**D.    Meetings/Communications with Creditors - Matter 15**

28.    The total hours and amounts charged by each Diamond McCarthy professional to Matter 15 are 14.8 hours, representing $6,925.00 in fees.

29.     Within this category, Diamond McCarthy professionals served the Committee by providing the following professional services:

- Advising the Committee members on how to address questions from potential creditors and homeowners in the Garden Oaks neighborhood.

- Responding to several calls from creditors and homeowners in the neighborhood.

- Preparing for and attending town halls.

E.     **Plan and Disclosure Statement - Matter 16**

30.     The total hours and amounts charged by each Diamond McCarthy professional to Matter 16 are 20.5 hours, representing $9,292.00 in fees.

31.     Diamond McCarthy professionals worked with Committee members to prepare a plan term sheet.  Diamond McCarthy also advised Committee members in connection with plan exclusivity and prepared a response to GOMO's motion to extend exclusivity.

F.     **Disbursements for Out-of-Pocket Expenses**

32.     Diamond McCarthy requests allowance and reimbursement in the amount of $2,351.81 for reasonable, actual and necessary out-of-pocket expenses incurred while rendering professional services to the Committee during the Application Period.

33.     Expenses incurred by Diamond McCarthy are set forth in detail on Exhibits C-1 through C-6 and can be summarized as follows:

| Category | Amount |
|---|---|
| In-House Copying (at cost) | $0.00 |
| Outside Duplicating (at cost) | $156.04 |
| Litigation Support  - Database Fees (at cost) | $0.00 |
| Legal Research (at cost) | $1,758.89 |
| Transcripts (at cost) | $0.00 |
| Postage & Delivery Services (at cost) | $68.93 |
| Travel, Parking & Meals (at cost) | $17.95 |
| Miscellaneous | $0.00 |
| Court Fees | $350.00 |
|  | **$2,351.81** |

34.     Diamond McCarthy submits that all expenses incurred during the Application Period were reasonable and necessary, are sought in compliance with the Guidelines, and should be allowed on an interim basis by the Court.

## STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION

35.     Section 330 of the Bankruptcy Code authorizes the Court to award Diamond McCarthy reasonable compensation for its actual and necessary services rendered, and reimbursement of its actual and necessary expenses incurred in, the rendering services as general counsel to the Committee.  Section 330 provides:

> (a)(1)   After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:
>
> (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

36.     Section 331 of the Bankruptcy Code authorizes the Court to award compensation on an interim basis as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title.  After

> notice and a hearing, the court may allow and disburse to such
> applicant such compensation or reimbursement.

11 U.S.C. § 331.

37.     This Application substantiates the total amount that Diamond McCarthy seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.  These standards are set forth in (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure, and (ii) *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

38.     In *First Colonial*, the Fifth Circuit adopted twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.  *First Colonial*, 544 F.2d at 1298–99.  These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors."  The original *Johnson* factors, as embraced by *First Colonial*, remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code.  15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330–35 to 330–41.  A majority of the *Johnson* factors are now codified under Bankruptcy Code Section 330(a).  *Id.*  The following analysis of the *First Colonial* factors support the reasonableness of Diamond McCarthy's requested fees and expenses:

(i)    Time and labor required. The professional services rendered by Diamond McCarthy on behalf of the Committee have required the expenditure of time and effort to, among other things, draft the bylaws for the Committee, address questions from creditors and homeowners in the Garden Oaks neighborhood, and assist the Committee in conducting formal discovery on GOMO.

(ii)   Novelty and Difficulty of Legal Problems Involved.  This *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by Diamond McCarthy in representing the Committee.  Diamond McCarthy has faced a number of difficult and complex legal issues, to wit:

- researching and analyzing the Committee's ability to seek a preliminary injunction barring GOMO's collection of transfer fees; and

- preparing an adversary complaint seeking a declaratory judgment that GOMO cannot continue to collect transfer fees.

(iii)  The skill requisite to perform the legal services properly. The difficult issues and matters addressed in this case required a high degree of skill and expertise. Diamond McCarthy's attorneys have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Committee.

A thorough understanding of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure was necessary to provide professional services to the Committee.  The compensation requested by Diamond McCarthy is consistent with the compensation awarded in other cases of similar size and complexity.

(iv)   Preclusion of other employment due to the acceptance of this case.  Due to the size of Diamond McCarthy's financial restructuring department and the firm as a whole, Diamond McCarthy's representation of the Committee has precluded the attorneys from devoting time to other cases and new matters.

(v)    Customary Fee.  Diamond McCarthy's hourly billing rates, as set out in **Exhibit A**, are the rates Diamond McCarthy regularly charges its hourly clients.  The hourly rates charged by Diamond McCarthy are lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this community, as well as those rates charged regionally and nationally.  Additionally, the hourly rates charged by Diamond McCarthy are consistent with the amount involved in this case, the results obtained by Diamond McCarthy, and the level of skill

necessary to perform the work.  Accordingly, the fees charged by Diamond McCarthy are reasonable and customary.

No agreement exists between Diamond McCarthy and any other person, firm or entity for division or sharing of compensation in this case.

(vi)     <u>Whether the fee is fixed or contingent</u>. Diamond McCarthy charges customary hourly rates, as adjusted annually, for the time expended by its attorneys and paraprofessionals in representing the Committee. Diamond McCarthy's fee is not outcome-dependent.

(vii)    <u>Time Limitations Imposed by the Client or Circumstances</u>.  Because of the time-sensitive nature of some of the matters arising in the case, Diamond McCarthy attorneys had to devote time to this case in the evenings and on weekends.

(viii)   <u>The amount of time involved and the results obtained</u>. Diamond McCarthy's actions in this case have assisted the Committee in efficiently fulfilling its obligations under the Bankruptcy Code. The requested compensation is reasonable in view of the time expended, the parties involved, and the results obtained in the case to date.

(ix)     <u>The experience, reputation and ability of the professionals who performed virtually all of the services in the case</u>. Diamond McCarthy's attorneys, over many years, have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and committees.  Further, partners of Diamond McCarthy have for many years actively participated in leadership positions in local, state and national bar associations, and have written for local and national publications and spoken at local, state and national institutes for continuing legal education in the creditors' rights and bankruptcy areas. As demonstrated by **Exhibit B**, Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities.  Furthermore, Diamond McCarthy has particular experience in the areas of complex insolvency, workout, and corporate reorganization.

(x)      <u>Nature and Length of Professional Relationship with Client</u>.  This is Diamond McCarthy's first representation of the Committee and its members.

(xi)     <u>The undesirability of the case</u>. Representing the Committee is not undesirable but, as already indicated, required a significant commitment of time from Diamond McCarthy's attorneys.

15

(xii)   <u>Awards in similar cases</u>. The compensation requested in this case is comparable to, if not less than, the compensation allowed in other cases of the size and complexity of this case.

## CONCLUSION

WHEREFORE, Diamond McCarthy respectfully requests (a) interim allowance of compensation for professional and paraprofessional services rendered as counsel to the Committee during the Application Period in the amount of $98,312.00; and (b) interim allowance of the amount of actual and necessary out-of-pocket expenses incurred in the course of providing services as counsel to the Committee during the Application Period in the amount of $2,351.81.

Dated:  November 1, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

By: */s/ Charles M. Rubio*
TBA No. 24083768
crubio@diamondmccarthy.com
(713) 333-5127 Telephone
909 Fannin, Suite 3700
Houston, TX 77010

General Counsel to the Committee

## CERTIFICATE OF SERVICE

I certify that on November 1, 2018, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service.

*/s/ Charles M. Rubio*
Charles M. Rubio

16