# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Garden Oaks Maintenance Org., Inc.** | § | **CASE NO. 18-60018** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

### DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**WALKER & PATTERSON, P.C.**
Johnie Patterson
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
*Counsel For Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Garden Oaks Maintenance Org., Inc.** | § | **CASE NO. 18-60018** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Garden Oaks Maintenance Org., Inc., Debtor and Debtor-in-Possession (**"Debtor"**)

proposes the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter

11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.:

**ALL HOLDERS OF CLAIMS OR EQUITY INTERESTS ENTITLED TO VOTE ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS PLAN.**

1       DEFINITIONS

The following terms, when used in the Plan, shall unless the context otherwise requires,

have the following meanings:

1.01     Administrative Claim:  Any cost or expense of administration of this Debtor in this Chapter 11 Case incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving this Debtor's estate, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Case, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating this Debtor's business, certain postpetition indebtedness or obligations incurred by or assessed against the Debtor in connection with the conduct of its business, or for the acquisition or lease of property, or for providing services to this Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against this Debtor's estate under chapter 123, title 28, United States Code. With respect to Administrative Claims, there shall be an Administrative Claim against the Debtor only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.02     Administrative Claim Bar Date:  The last day to file an application for allowance of an Administrative Claim (other than quarterly U.S. Trustee fees), which shall be 60 days after

the Effective Date, unless otherwise established by a Final Order.

1.03     <u>Allowed Amount:</u> The amount of an Allowed Claim.

1.04     <u>Allowed Claim:</u>   Any Claim (a) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (i) is not scheduled as disputed, contingent or unliquidated, (ii) as to which no Proof of Claim has been filed, and (iii) as to which no objection to such scheduled Claim has been filed; (b) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (c) that has been allowed by a Final Order.

1.05     <u>Allowed Secured Claim:</u>   A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has been specifically preserved in this Plan.

1.06     <u>Avoidance Action:</u>   Any and all rights, claims and causes of action arising under §§ 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code or similar rights, and claims and causes of action under applicable state law.

1.07     <u>Bankruptcy Code:</u> Title 11 of the United States Code, as in effect on the Confirmation Date.

1.08     <u>Bankruptcy Court:</u>   The unit of the United States District Court for the Southern District of Texas, having jurisdiction over this Chapter 11 Case, or in the event such Court ceases to exercise jurisdiction over this Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over this Chapter 11 Case in lieu of the United States Bankruptcy Court for the Southern District of Texas, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Plan.

1.09     <u>Bankruptcy Rules:</u>   The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to this Chapter 11 Case, each as in effect on the date of the event described herein.

1.10     <u>Bar Date:</u> August 27, 2018.

1.11     <u>Cause Of Action:</u>   Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by the Debtor, whether arising under contract or tort, federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date.

1.12     <u>Chapter 11 Case:</u> Case No. 18-60018 filed under Chapter 11 of the Bankruptcy Code by the Debtor, and pending before the Bankruptcy Court.

1.13     <u>Claim:</u>   Any (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.14     <u>Claimant:</u> A person asserting a Claim against the Debtor, its property, or the Estate.

1.15    Collateral:   Any property or interest in property of the Estate subject to a Lien that is preserved in this Plan and that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.16    Confirmation Date:   The date upon which the Bankruptcy Court enters the Confirmation Order.

1.17    Confirmation Hearing:   The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Plan.

1.18    Confirmation Order:   The Order of the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.19    Creditor:   Any person that holds a Claim against the Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against the Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.20    Cure Costs:   The amount necessary to cure all defaults under any executory contract or any unexpired lease to which the Debtor is a party and to compensate the non-debtor party for any actual pecuniary loss resulting from such defaults in order to assume and assign the executory contract or unexpired lease under §§ 365(a) and 365(f) of the Bankruptcy Code.

1.21    Debtor: Garden Oaks Maintenance Organization, Inc.

1.22    Debtor in Possession:   The Debtor in its capacity as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.23    Deficiency Claim:   The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code. A Deficiency Claim is a General Unsecured Claim.

1.24    Disclosure Statement:   The Disclosure Statement with respect to this Plan, including all exhibits and schedules thereto, filed by the Debtor and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.25    Disputed Claim:   A Claim against the Debtor as to which an objection has been filed on or before the deadline for objecting to a Claim and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.26    Disputed Claims Reserve:   A reserve to be held in trust for the benefit of holders of Disputed Claims in accordance with the provisions of the Plan.

1.27    Distribution:   The Cash and other property required by the Plan to be distributed to the holders of Allowed Claims and Allowed Interests.

1.28    Distribution Date:   The date, occurring as soon as practicable after the Effective Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed Administrative Claims; provided, however, that should such Allowed Administrative Claims be paid in the ordinary course of business, the Distribution Date shall be the date such Allowed

Administrative Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

1.29    Effective Date:   The first Business Day after (a) the date the Confirmation Order becomes a Final Order; and (b) all conditions specified in Article 13 hereof have been satisfied or waived.

1.30    Equity Interest or Interest: The meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.31    Equity Interest Holder or Interest Holder: The meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.32    Estate:   The estate created upon the filing by the Debtor of this Chapter 11 Case pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.33    Final Order:   An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, reargument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending and stayed, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired or the order or judgment has been stayed.

1.34    General Unsecured Claim:   A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, or a Subordinated Claim.

1.35    Lien:   A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.36    Person:   An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.37    Petition Date: April 11, 2018, the date on which the Debtor filed the voluntary chapter 11 petition commencing this Chapter 11 Case.

1.38    Plan: This Chapter 11 Plan of Reorganization, as it may be amended or modified from time to time.

1.39    Plan Ballot:   The form of ballot that the Debtor will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.40    Plan Documents:   Any and all documents contemplated to be executed in

connection with this Plan.

1.41    Priority Claim:  Any Claim to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code.

1.42    Priority Non-Tax Claim:  Any Claim (other than an Administrative Claim or a Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code including, but not limited to, (a) Claims of an employee of the Debtor for wages, salaries, or commissions, including vacation, severance or sick leave pay, earned within one hundred and eighty (180) days prior to the Petition Date (to the extent of $12,475 per employee) as set forth in § 507(a)(4) of the Bankruptcy Code; (b) Claims for contribution to an employee benefit plan as set forth in § 507(a)(5) of the Bankruptcy Code; (c) Claims for deposits of up to $2,775 placed by individuals with the Debtor as set forth in § 507(a)(7) of the Bankruptcy Code; (d) Claims based upon any commitment by the Debtor to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (e) Claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the Debtor were intoxicated from using alcohol, a drug or another substance as set forth in § 507(a)(10).

1.43    Priority Tax Claim:  Any Claim entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code. A Claim based upon an assessed *ad valorem* tax that is secured by a statutory lien on property that was administered during this Chapter 11 Case is a Secured Claim to the extent of the value of the property administered.  Otherwise, such Claim is a General Unsecured Claim.

1.44    Pro-Rata:  The proportion that the dollar amount of an Allowed Claim or Allowed Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.45    Professional Fee Claims:  Administrative Claims for Professional Fees from the Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date.

1.46    Professional Fees:  All fees, costs and expenses incurred in this Chapter 11 Case related to the Debtor by any professional person (within the meaning of §§ 327, 328 or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been allowed by Final Order of the Bankruptcy Court.

1.47    Professionals:  Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the Debtor or any Committee in this Chapter 11 Case at any time before the Effective Date.

1.48    Reorganized Debtor:  As of the Effective Date of the Plan, the Debtor as reorganized under the terms of this Plan.

1.49    Rights of Action:  Includes (a) any avoidance, recovery, subordination or other action of the Debtor, the Estate or the Reorganized Debtor, (b) any Cause of Action of the Debtor, the Estate or the Reorganized Debtor, (c) any objection or other challenge to a Claim, and (d) any objection or other challenge to an Interest.

1.50     <u>Schedules:</u>   The Debtor's Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.51     <u>Secured Claim:</u>   A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of the Debtor's Estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code. To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

1.52     <u>Unsecured Claim:</u>   A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

## 2     CLASSIFICATION OF CLAIMS AND INTERESTS

2.01     All Claims and Interests against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases and all Interests arising from the ownership of the Debtor, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan.   The Claims and Interests are hereby classified as follows

2.02     In accordance with § 1123(a)(l) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests.

2.02.01          Allowed Administrative Claims arising under 11 U.S.C. § 503(b) will be paid in Cash and in full by the Reorganized Debtor on the later of (a) the Effective Date, (b) the date on which such Administrative Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Administrative Claim shall agree.

2.02.02          Allowed Priority Tax Claims against the Debtor will be paid in Cash by the Reorganized Debtor on the later of (a) the Distribution Date; (b) the date on which such Priority Tax Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Priority Tax Claim shall agree.   Any Allowed Priority Tax Claim due and owing on the Effective Date shall accrue statutory interest as provided and allowed by applicable non-bankruptcy law.

2.03     Claims against the Debtor are classified as follows:

2.03.01          **Class 1 - Secured Claims .** Class 1 is comprised of all Secured Claims.   Class 1 is impaired.

2.03.02          **Class 2 – Unsecured Litigation Claims.** Class 2 is comprised of the unsecured claims arising from prepetition litigation with the Debtor.   Class 2 is impaired.

2.03.03     **Class 3 – Unsecured Refund Claims.**   Class 3 is comprised of Unsecured Claims asserting a right to a refund of the transfer fee paid to the Debtor. Class 3 is impaired.

2.03.04     **Class 4 – Relinquished Unsecured Claims.**   Class 4 is comprised of Unsecured Claims filed with a $0.00 amount claimed, and Class 3 Claims electing to be treated as Class 4 Claims.   Class 4 is impaired.

2.03.05     **Class 5 – Lot Owner Claims.**   Class 5 includes four (4) subclasses, consisting each of lot owners for each of the four sections of Garden Oaks currently encumbered by the 2002 Amended Deed Restrictions.   All of Class 5 is impaired.

2.03.05.01     Class 5(a) – consists of the home and lot owners in Section 1 of Garden Oaks.

2.03.05.02     Class 5(b) – consists of the home and lot owners in Section 2 of Garden Oaks.

2.03.05.03     Class 5(c) – consists of the home and lot owners in Section 3 of Garden Oaks.

2.03.05.04     Class 5(d) – consists of the home and lot owners in Section 5 of Garden Oaks.

## 3     IMPLEMENTATION OF THE PLAN

3.01   On the Effective Date, all Property of the Estate shall revest in the Reorganized Debtor free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5) to the maximum extent allowed by law.

3.02   Continuation of Operations.   From and after the Effective Date, the Reorganized Debtor is authorized to take such actions as are necessary to continue all operations it deems necessary.

3.03   Continued Corporate Existence – Name Change:   From and after the Effective Date, the Reorganized Debtor shall continue to exist in accordance with the applicable laws of the State of Texas and its Articles of Incorporation.   The name of the Reorganized shall be changed to "Garden Oaks Homeowners Association, Inc.".

3.04   General Powers of the Reorganized Debtor:  The Reorganized Debtor shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order and applicable law. The Reorganized Debtor is authorized and shall have the obligation to take all such actions as in its judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

3.04.01     Make all Distributions contemplated under the Plan.

3.04.02     Consistent with maintaining the value of the Reorganized Debtor's assets and operate its business in a lawful manner as it deems appropriate;

3.04.03        Administer the resolution, settlement and payment of Claims;

3.04.04        Enter into any agreement required by or consistent with the Plan and perform all of the obligations required of the Reorganized Debtor under this Plan;

3.04.05        Abandon any of the assets of the Reorganized Debtor if the Reorganized Debtor concludes that such assets are of no benefit to the Creditors or Interest Holders;

3.04.06        Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and litigate claims, including without limitation all state and federal causes of action or any other litigation which constitutes an asset of the Estate/Reorganized Debtor and pursue to settlement or judgment such actions;

3.04.07        Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving this Chapter 11 Case;

3.04.08        Take actions and exercise remedies against any entity that owes money to the Debtor/Estate/Reorganized Debtor, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

3.04.09        Select and employ such professionals, agents or employees as the Reorganized Debtor deems necessary to assist in the administration of the affairs of the Reorganized Debtor and compensate such persons;

3.04.10        Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

3.04.11        Propose any amendment, modification or supplement to this Plan or the Reorganized Debtor's governance documents;

3.04.12        Receive, conserve and manage the assets of the Reorganized Debtor and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and this Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Reorganized Debtor deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

3.04.13        Open and maintain bank accounts;

3.04.14        Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections;

3.04.15    Pay all lawful expenses, debts, charges and liabilities of the Reorganized Debtor;

3.04.16    Enforce all provisions of this Plan;

3.04.17    Protect, perfect and defend the title to any of the assets of the Reorganized Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Reorganized Debtor;

3.04.18    Carry insurance coverage in such types and amounts as the Reorganized Debtor deems advisable;

3.04.19    Establish such reserves for taxes, assessments and other expenses of the Reorganized Debtor (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the reorganized Debtor and its obligations under this Plan; and

3.04.20    Exercise such other powers and duties as are necessary or appropriate in the Reorganized Debtor's discretion to accomplish the purposes of this Plan.

## 4    SPECIFICATION OF ALL CLAIMS IMPAIRED AND NOT IMPAIRED UNDER THE PLAN

4.01    <u>Impaired Classes</u>**:** Only holders of Claims and Equity Interests that are in impaired Classes may vote on this proposed Plan.   The following Classes of Claims and Equity Interests are impaired under this Plan:

| | |
|---|---|
| 4.01.01 | Class 1 - Secured Claims. |
| 4.01.02 | Class 2 – Unsecured Litigation Claims. |
| 4.01.03 | Class 3 – Unsecured Refund Claims. |
| 4.01.04 | Class 4 – Relinquished Unsecured Claims. |
| 4.01.05 | Class 5(a) – 5(d) – Homeowner Claims. |

4.02    <u>Unimpaired Classes:</u>   There are no Unimpaired Classes under this Plan:

## 5    SPECIFIC TREATMENT OF CLAIMS

5.01    All Claims, whether specifically listed in this Plan or not, are subject to objection by the Reorganized Debtor as provided in this Plan.

5.02    <u>Class 1 - Secured Claims</u>

5.02.01    Class 1 is impaired, and is entitled to vote.

5.02.02    All Allowed Secured Claims will be paid in full, without interest, in periodic monthly payments, payable in full within 12 months of the Effective Date. Claims in Class 1 retain their statutory rights and liens until paid.   Debtor reserves the right to prepay any Class 1 Claim without penalty.

5.03    Class 2 – Unsecured Litigation Claims.

      5.03.01        Class 2 is impaired, and is entitled to vote.

      5.03.02        $50,000.00 will be provided by the Debtor for payment of all Allowed Claims in Classes 2, and 3.   All Allowed Class 2 Claims will be paid their pro-rated share of the $50,000.00.   Payment of Allowed Class 2 Claims will be made within the later of ninety (90) days after the Effective Date, or thirty (30) days after all objections to unsecured claims have been resolved by final order of the Bankruptcy Court.

      5.03.02        The Reorganized Debtor may prepay the Class 2 Claims without penalty at any time after the Effective Date.

5.04    Class 3 – Unsecured Refund Claims.

      5.04.01        Class 3 is impaired, and is entitled to vote.

      5.04.02        $50,000.00 will be provided by the Debtor for payment of all Allowed Claims in Classes 2, and 3.   All Allowed Class 3 Claims will be paid their pro-rated share of the $50,000.00.   Payment of Allowed Class 3 Claims will be made within the later of ninety (90) days after the Effective Date, or thirty (30) days after all objections to unsecured claims have been resolved by final order of the Bankruptcy Court.

      5.04.03        All other Claims are disallowed.

      5.04.04        The Reorganized Debtor may prepay the Allowed Class 3 Claims in full without penalty at any time after the Effective Date.

5.05    Class 4 – Relinquished Unsecured Claims.

      5.05.01        Class 4 is impaired, and is entitled to vote.

      5.05.02        Class 4 will not receive any distribution.

5.06    Class 5(a) – Homeowner/Lot Owner Section 1.

      5.06.01        Class 5(a) is impaired, and is entitled to vote.

5.06.02     Class 5(a) releases any claim that may exists to challenge, in any manner, the enforceability of the 2002 Amended Deed Restrictions, and any claims regarding the viability or defects in the formation of the Petition Committee formed to draft, circulate and petition for the approval of the 2002 Deed Restrictions.

5.06.03     With sufficient acceptances, Class 5(a) adopts the 2019 Amended Deed Restrictions, a copy of which is attached to the Chapter 11 Plan.

5.06.04     All other Claims are disallowed.

5.07     <u>Class 5(b) – Homeowner/Lot Owner Section 2.</u>

5.07.01     Class 5(b) is impaired, and is entitled to vote.

5.07.02     Class 5(b) releases any claim that may exists to challenge, in any manner, the enforceability of the 2002 Amended Deed Restrictions, and any claims regarding the viability or defects in the formation of the Petition Committee formed to draft, circulate and petition for the approval of the 2002 Deed Restrictions.

5.07.03     With sufficient acceptances, Class 5(b) adopts the 2019 Amended Deed Restrictions, a copy of which is attached to the Chapter 11 Plan.

5.07.04     All other Claims are disallowed.

5.08     <u>Class 5(c) – Homeowner/Lot Owner Section 3.</u>

5.08.01     Class 5(c) is impaired and is entitled to vote.

5.08.02     Class 5(c) releases any claim that may exists to challenge, in any manner, the enforceability of the 2002 Amended Deed Restrictions, and any claims regarding the viability or defects in the formation of the Petition Committee formed to draft, circulate and petition for the approval of the 2002 Deed Restrictions.

5.08.03     With sufficient acceptances, Class 5(c) adopts the 2019 Amended Deed Restrictions, a copy of which is attached to both this Disclosure Statement and the Chapter 11 Plan.

5.08.04     All other Claims are disallowed.

5.09    Class 5(d) – Homeowner/Lot Owner Section 5.

        5.09.01        Class 5(d) is impaired and is entitled to vote.

        5.09.02        Class 5(d) releases any claim that may exists to challenge, in any manner, the enforceability of the 2002 Amended Deed Restrictions, and any claims regarding the viability or defects in the formation of the Petition Committee formed to draft, circulate and petition for the approval of the 2002 Deed Restrictions.

        5.09.03        With sufficient acceptances, Class 5(d) adopts the 2019 Amended Deed Restrictions, a copy of which is attached to both this Disclosure Statement and the Chapter 11 Plan.

        5.09.04        All other Claims are disallowed.

# 6    CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS

6.01    Objection Process.    The Reorganized Debtor shall have the sole right to object to the allowance of any Claims or Equity Interests provided for under the Plan. The Reorganized Debtor shall have the sole authority to compromise, settle or otherwise resolve objections without approval of the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor shall file and serve all objections to Claims and Equity Interests no later than (i) 75 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

6.02    Filing of Claims and Causes of Action. The Reorganized Debtor shall have the exclusive right to file and prosecute any Claims and Causes of Action, including all derivative Causes of Action.  The Reorganized Debtor shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action without approval of the Bankruptcy Court.

6.03    Disputed Claims Reserve. A Disputed Claims Reserve may be established by the Reorganized Debtor for the treatment of Disputed Claims.   The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Reorganized Debtor.   If created, the Reorganized Debtor shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.   Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Reorganized Debtor is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any person or entity.

6.04     Distributions to Holders of Disputed Claims. Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim or Equity Interest, but in no event earlier than the initial payment dates established under the Plan, any Distributions reserved for such Allowed Claim or Equity Interest shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest.   In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests on the next scheduled payment date established under the Plan without further approval from or notice to any person or entity.

6.05     Disallowance of Late Filed Proofs of Claim. Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is hereby disallowed and forever barred.

6.06     Provisions Governing Distributions.

6.06.01     Record Date for Claims. For purposes of Distributions to holders of Allowed Claims, the Reorganized Debtor shall rely on the claims docket maintained by the Clerk for proofs of claim filed in this Chapter 11 Case for this Debtor, except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.

6.06.02     Delivery of Distributions to Holders of Allowed Claims.   Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Reorganized Debtor in writing of a change of address.   The Reorganized Debtor may, but shall not be required to make any Distribution of less than $25.00.

6.06.03     Delivery of Distributions to Holders of Allowed Equity Interests. Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the Debtor's records. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address.

6.06.04     Uncashed Checks. Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Distributions with respect to such un-negotiated checks will revert to the Reorganized Debtor and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

## 7     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.01     Assumption of Executory Contracts and Unexpired Leases.   To the extent a claim is treated in one of the above classes, the treatment may not be modified by asserting the claim should be classified as an executor contract, without an order from the Court.   All other Executory Contracts disclosed by the Debtor in its Schedule G filed with the Court are assumed.   All other contracts, to the extent they existed on the petition date are rejected.

## 8     ACCEPTANCE OR REJECTION OF THE PLAN

8.01     Voting.   All creditors who are impaired under the Plan are entitled to vote to accept or reject the Plan.

8.02     Acceptance By Class.   A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

8.03     Reservation of Cramdown Rights.   In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code.

## 9     EFFECT OF CONFIRMATION

9.01     Legally Binding Effect.   The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. **On and after the Effective Date, all holders of Claims and Equity Interests shall be precluded and enjoined from asserting any Claim (i) against the Debtor, the Reorganized Debtor, its successors, or its assets and properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan; (ii) that is a derivative claim, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability, and (iii) claims related to the formation of the 2002 petition committee, the adoption or enforceability of the 2002 Amended Deed Restrictions, or any acts or omissions in enforcing or not enforcing the 2002 Amended Deed Restrictions.**

9.02     Injunction. The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor, the Reorganized Debtor and their assets and properties and any proceedings not yet instituted against the Debtor, the Reorganized Debtor or their assets and properties, except as otherwise provided in the Plan. Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or its assets and properties are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to any such Claim,

(b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor or the Reorganized Debtor, or their assets and properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor or the Reorganized Debtor, or the property of the Debtor, the Estate or the Reorganized Debtor with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtor, the Estate or the Reorganized Debtor except as specifically permitted by § 553 of the Bankruptcy Code.   Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to §§ 105, 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.   All Allowed Claims, and Claims allowed by the Court after objection, shall be valid, binding and conclusive claims against the Debtor, not subject to any further review, adjustment, allowance or disallowance by any Court.

9.03   <u>Discharge</u>.   In addition to the foregoing section and pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees/representatives of the Debtor prior to the Effective Date or that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, in this Chapter 11 Case whether or not: (a) a Proof of Claim or Interest based upon such debt, right, Claim, or Interest is Filed or deemed Filed pursuant to § 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to § 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan.   Subject to the terms of the Plan and the Confirmation Order, any default by the Debtor with respect to any Claim or Interest that existed immediately prior to or on account of the filing of this Chapter 11 Case shall be deemed satisfied on the Effective Date. Subject to the terms of the Plan, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor, its Estate, the Reorganized Debtor and all successors thereto. As provided in § 524 of the Bankruptcy Code, subject to the terms of the Plan, such discharge shall void any judgment against the Debtor, its Estate, the Reorganized Debtor or any successors thereto at any time obtained to the extent it relates to a Claim or Interest discharged, and operates as an injunction against the prosecution of any action against the Reorganized Debtor or its property and assets to the extent it relates to a discharged Claim or Interest.

9.04   <u>Continuation of Anti-Discrimination Provisions of Bankruptcy Code</u>.   A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, the Reorganized Debtor, or another Person with whom the Debtor has

been or is associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit.  Moreover, a Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor based upon any requirement that the Debtor or the Reorganized Debtor place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor.   All licenses, permits, charters, franchises, or other similar grants to the Debtor are hereby transferred and assigned on the Effective Date (which transfer and assignment is without the assumption of any liabilities arising prior to the Effective Date which liabilities arise out of such license, permit, charter, franchise or similar grant) to the Reorganized Debtor without the need for further application or approval by any Governmental Unit.

9.05    <u>Preservation of Claims and Rights.</u>    Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

9.06    **The Reorganized Debtor reserves any and all claims and rights against any and all insiders and third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtor or the Reorganized Debtor may have against (i) any insurer and/or insurance policies in which either the Debtor and/or any current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtor's insurers; (ii) any recipient of a transfer identified in the Debtor's statements of financial affairs, including any amendments thereto, filed in this Chapter 11 Case, or; (iii) the secured lender on the Debtors Property, and its servicers, for their prepetition acts/omissions.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Reorganized Debtor relating to any claims, Causes of Action or Rights of Action referred to in this Article, or otherwise. The Reorganized Debtor shall constitute the representative of the Estate for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code.   On the Effective Date, the Reorganized Debtor shall be substituted as a party of record in all pending litigation brought by or against the Debtor without need for further order of the Bankruptcy Court**.

## 10    <u>RETENTION OF JURISDICTION</u>

10.01   <u>Exclusive Bankruptcy Court Jurisdiction.</u>    The Court shall retain and have exclusive jurisdiction over this Chapter 11 Case to the maximum extent provided by law for the following purposes following the Confirmation Date:

10.01.01        To determine any and all objections to the allowance and classification of Claims or Interests;

10.01.02        To determine the validity and priority of any Lien;

10.01.03        To determine the Allowed Amount of any Claim, whether secured or unsecured;

10.01.04        To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the estate;

10.01.05        To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease;

10.01.06        To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

10.01.07        To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

10.01.08        To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

10.01.09        To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan;

10.01.10        To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code; and,

10.01.11        To hear and determine any and all claims related to the adoption of the 2019 Amended Deed Restrictions.

10.02  <u>Limitation on Jurisdiction.</u>  In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## 11    <u>NOTICE PROVISIONS</u>

11.01  <u>Notices.</u>  All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, five (5) Business Days after the date of mailing, or if by overnight courier, the next Business Day

following the date of mailing. Notices required to be sent to the following parties under this Plan shall be addressed to:

>11.01.01    *To The Reorganized Debtor:*
>*Johnie Patterson*,
>WALKER & PATTERSON,
>P.C., P.O. Box 61301,
>Houston, TX 77208 -61301
>713.956.5577/713.956.5570 fax

>11.01.02    Any asserted default by the Debtor under the terms of this Plan shall be provided to the Debtor, in writing, pursuant to the Notice Provisions of the Plan. After receipt of any notice of default, the Debtor shall have fourteen (14) days to (1) cure the alleged default, or; (2) provide written notice to the party asserting the default that the Debtor disputes the alleged default.  If the parties are unable to informally resolve the disagreement, the bankruptcy court for the Southern District of Texas shall have exclusive jurisdiction to determine the existence or non-existence of a default under this Plan.

## 12    COMPROMISE AND SETTLEMENTS

12.01   <u>Effect of Confirmation Order.</u>   Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtor.   The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, the Estate, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## 13    MISCELLANEOUS PROVISIONS

13.01   <u>Bar Date for Administrative Claims.</u>   No Administrative Claim, other than United States Trustee fees will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.   Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.   Any Administrative Claim, other than United States Trustee fees, not filed in accordance with this section shall be barred and the Debtor and the Reorganized Debtor shall have no liability for payment of any such Administrative Claim.

13.02   <u>Objections to Administrative Claims.</u>   Objections to Applications for payment of Administrative Claims may be filed by any party in interest.   In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.   Any objections will be determined by the Bankruptcy Court.

13.03   Payment of Professional Fees.   Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.  Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within seventy-five (75) days of the Effective Date, or such other time as may be extended by the Court, and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the applicable local rules.  The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

13.04        Payment of United States Trustee Fees.       The Reorganized Debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Any fees due as of the date of confirmation of the plan will be paid in full on the effective date of the plan. After confirmation, the Reorganized Debtor shall pay United States Trustee quarterly fees as they accrue until this case is closed by the Court and shall file with this Bankruptcy Court a financial report for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

13.05   Satisfaction of Liabilities.   The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtor or its Estate, assets, properties, or interests in property. Neither the Debtor nor the Reorganized Debtor shall be responsible for any pre-Effective Date obligations of the Debtor.

13.06   Compliance with Tax Requirements.   In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Reorganized Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law. With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Reorganized Debtor within thirty (30) days from the date of such request, the Reorganized Debtor may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

13.07   Amendment of the Plan.   This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after the Effective Date, as provided in § 1127 of the Bankruptcy Code.   The Plan may not be modified after Substantial Consummation.

13.08   Timing of Distributions.   When a provision of this Plan requires that a payment or distribution shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 14 days after the date any such payment is due. Notwithstanding the foregoing and unless specifically set forth to the contrary in this Plan, no payment shall be considered late or otherwise result in a default unless the Reorganized Debtor has

failed to make the payment after the passage of 30 days following the receipt by the Reorganized Debtor of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

13.09   <u>Filing of Documents in Public Records.</u>   Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be taxed under any law imposing a stamp tax or similar tax.   All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

13.10   <u>Right to Seek Further Orders.</u>   The Reorganized Debtor, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

13.11   <u>Withdrawal of Plan.</u>   The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date.   If the Debtor withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.   In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtor.

13.12   <u>Due Authorization by Creditors.</u>   Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan; and (iii) indemnifies and holds harmless the Reorganized Debtor and their professionals and representatives with respect to such Distributions.

13.13   <u>Filing of Additional Documentation.</u>   On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

13.14   <u>Implementation.</u>   The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

13.15   <u>Substantial Consummation.</u>   On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

13.16   <u>Dates.</u>   The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

13.17   <u>Governing Law.</u>   Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to

any conflicts of law principles.

       13.18   <u>Conflict.</u>  Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtor and any third party, the Plan controls, subject only to the Confirmation Order.

       13.19   <u>Severability.</u>  The provisions of this Plan shall not be severable unless such severance is agreed to by the Debtor and such severance would constitute a permissible modification pursuant to 11 U.S.C. § 1127.

       13.20   <u>Setoffs.</u>  The Reorganized Debtor may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every kind, type and nature whatsoever that the Estate or the Reorganized Debtor may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Reorganized Debtor of any such claims it may have against the Holder of such Claim, and all such claims shall be reserved for and retained by the Reorganized Debtor.

       13.21   <u>Further Action.</u>  Nothing contained in the Plan shall prevent the Reorganized Debtor from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

DATED: January 8, 2019

    <u>  /s/                          </u>
Garden Oaks Maintenance Org., Inc.
By:   Victor Seghers
Its: President