UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARDEN OAKS MAINTENANCE** | § | **CASE NO.   18-60018-H2-11** |
| **ORGANIZATION, INC.,** | § | |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING PLAN
CONFIRMATION HEARING; (III) APPROVING SOLICITATION PACKAGES AND
DISTRIBUTION PROCEDURES; (IV) APPROVING VOTING PROCEDURES;
(V) ESTABLISHING VOTING DEADLINE; (VI) APPROVING PROCEDURES FOR
VOTE TABULATIONS; AND (VII) GRANTING RELATED RELIEF**

On January ___, 2019, the Official Committee of Unsecured Creditors of Garden Oaks

Maintenance Organization, Inc. (the "Committee") filed a Chapter 11 Plan of Reorganization [ECF

No. ___] (the "Plan"), a proposed Disclosure Statement [ECF No. ___] (the "Disclosure Statement"),

and a *Motion For Order (I) Approving Disclosure Statement; (II) Scheduling Plan Confirmation Hearing;*

*(III) Approving Solicitation Packages and Distribution Procedures; (IV) Approving Voting Procedures;*

*(V) Establishing Voting Deadline; (VI) Approving Procedures For Vote Tabulations; And (VII) Granting Related*

*Relief* [ECF No. ___] (the "Motion") requesting, under Rule 3017 of the Federal Rules of Bankruptcy

Procedure, that the Court: (i) approve the Disclosure Statement, (ii) schedule a confirmation hearing;

(iii) approve solicitation packages and distribution procedures; (iv) approve voting procedures;

(v) establish a voting deadline; (vi) approve procedures for tabulating votes; and (vii) grant related

relief; and the the Court, having considered the Disclosure Statement at a hearing on _____

___, 2019; and the Court, having found that: (i) the relief requested in the Motion is in the best

interests of the Debtor's estate, its creditors, and other parties-in-interest; (ii) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (iii) this matter is a core proceeding pursuant

to 28 U.S.C. § 157(b); and (iv) notice of the Plan, Disclosure Statement, and Motion was proper;

hereby **FINDS AND DETERMINES THAT:**

A.      The Committee has filed its Disclosure Statement and Plan[1] (together with all exhibits, and as it may be further amended, the "<u>Plan and Disclosure Statement</u>").

B.      Notice of the Motion was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

C.      The form of notice attached hereto as <u>Exhibit 1</u> (the "<u>Confirmation Hearing Notice</u>") provides sufficient information on the time, date, and place of the hearing on Confirmation of the Plan (the "<u>Confirmation Hearing</u>"), as well as procedures for objecting to the Plan and Disclosure Statement and other details therein.

D.      The Ballot and Ballot Instructions attached hereto as <u>Exhibit 2</u> address the particular needs of the Chapter 11 Case, and are appropriate for the General Unsecured Class, the single voting class on the Plan.  The Ballot instructions contain adequate information to instruct members of the General Unsecured Class how to vote.

E.      The consent form attached hereto as <u>Exhibit 3</u> (the "<u>Consent Form</u>") accurately describes the Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylaws and is appropriate for soliciting votes on the Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylaws.

F.      Holders of claims in the Secured Claim Class are not impaired and are conclusively deemed to accept the Plan. Therefore, they are not entitled to vote or receive a Ballot.

G.      Holders of claims in General Unsecured Class are impaired and entitled to vote to accept or reject the Plan.

H.      The period, as set forth below, during which the Committee may solicit acceptances of the Plan is a reasonable period of time for those entitled to vote on the Plan to make an informed decision regarding whether to accept or reject the Plan.  Further, the period set forth below during

---

[1]      Capitalized terms used but not defined herein have the meanings assigned to such terms in the Plan.

which the Committee may solicit acceptances for the Proposed Amendment to the Deed Restrictions is reasonable.

  I.  The procedures for the solicitation of votes to accept or reject the Plan provide for a fair and equitable voting process and is consistent with § 1126 of the Bankruptcy Code.

  J.  The notice procedures set forth below provide due, proper, and adequate notice of the Confirmation Hearing and procedures for filing objections or responses to the Plan.

  K.  The proposed timeline for the Confirmation Hearing complies with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and will enable the Committee to pursue confirmation of the Plan in a timely fashion.

  L.  The Committee has the right to seek modifications or extensions of the matters governed by this Order.

  M.  The relief requested in the Motion is in the best interests of the Debtor, its estate, and all parties-in-interest.

  N.  The record at the hearing to approve this Order establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

  1.  The Disclosure Statement is approved as containing "adequate information" within the meaning give to that term in § 1125 of the Bankruptcy Code.  All objections to approval of the Disclosure Statement are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

  2.  The Confirmation Hearing shall be held before the Honorable David Jones, United States Bankruptcy Judge, in Courtroom 401 at 515 Rusk, Houston, Texas 77002, **on _____ at _____ __.m. (CT)**.

3.      The Confirmation Hearing Notice in the form attached hereto as <u>Exhibit 1</u> is approved and the Committee shall provide notice to all parties entitled to vote (via Ballot or Consent Form) and all parties on the Master Service List.

4.      The Ballot and Ballot Instructions in the form attached hereto as <u>Exhibit 2</u> are approved, and the Committee is authorized to accept and tabulate Ballots.

5.      The Consent Form in the form attached hereto as <u>Exhibit 3</u> is approved, and the Committee is authorized to accept and tabulate the Consent Forms.

6.      For the purpose of determining creditors entitled to vote on the Plan, the record date for purposes of voting shall be _____ _____, **2019** (the "<u>Voting Record Date</u>").

7.      Solicitation packages distributed to creditors in the General Unsecured Class shall contain a copy of all of the following ("<u>Solicitation Package</u>"): (i) the Confirmation Hearing Notice; (ii) the Ballot Instructions for voting to accept or reject the Plan; (iii) the Ballot; (iv) a copy of the Disclosure Statement; (v) a copy of the Plan; and (vii) such other materials as the Court may direct.

8.      Consent form packages distributed to the Garden Oaks Owners shall contain a copy of the following ("<u>Consent Form Package</u>"): (i) the Consent Form and (ii) the Confirmation Hearing Notice.

9.      The Committee shall complete the mailing of Solicitation Packages and the Consent Form Packages by no later than _____ _____, 2019 (the "<u>Solicitation Date</u>").

10.     In soliciting votes on the Plan and Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylawys, members of the Committee are permitted to participate in door-to-door canvassing typical of that historically used by neighborhood organizations in the Garden Oaks subdivision.   The members of the Committee may designate parties to facilitate door-to-door canvasing.  The members of the Committee shall, and shall use their best efforts to cause any designee to, only make statements consistent with the Plan, the Disclosure Statement and Consent

Form and shall notify the creditors and the homeowners that such party should reference the full terms of such documents.

11.     With respect to any transferred claim, if the transferor of such claim is entitled to vote to accept or reject the Plan, the transferee shall be entitled to vote to accept or reject the Plan on account of the transferred claim only if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) were completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. Nothing in this paragraph shall apply to the Consent Form.

12.     The Committee shall be excused from mailing Solicitation Packages and any other materials related to voting or confirmation of the Plan to any person to which certain notices mailed during the course of these Chapter 11 Cases have been returned as undeliverable by the United States Postal Service, unless and until the Committee is provided with accurate addresses for such person before the Solicitation Date.  The Committee's failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons (a) shall not constitute inadequate notice of the Confirmation Hearing or Voting Deadline (defined below) and (b) shall not constitute a violation of Bankruptcy Rule 3017(d).

13.     The Committee shall not be required to distribute copies of the Ballot or Ballot Instructions to any party not entitled to vote on the Plan, unless such party files a motion with the Court.

14.     The Committee is authorized to make non-substantive modifications to the Plan and Disclosure Statement, Confirmation Hearing Notice, Solicitation Packages, the Ballot, the Ballot Instructions, the Consent Form and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, before distribution.

15.     To be counted as a vote to accept or reject the Plan, all Ballots must be properly executed, completed, and cast so as to be actually received by no later than the _____ _____, 2019 (the "Voting Deadline").

16.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Committee in any other context, each General Unsecured Claim is temporarily allowed in an amount equal to the amount of such claim as set forth in the Debtors' Schedules of Assets and Liabilities, if such claim is not marked as either contingent, disputed or unliquidated, or the amount as set forth in the proofs of claim filed in the Debtor's claim register, subject to the following:

(a)  if a claim is allowed under the Plan and Disclosure Statement or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan and Disclosure Statement or the order;

(b)  if a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Committee) and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

(c)  if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)  if a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e)  if a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)  if a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that

is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) if the Debtor or the Committee has served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes unless a motion for temporary allowance is filed and approved by the Court by the Confirmation Hearing; provided, however, that if such objection is an objection to reduce the amount of the claim or reclassify a claim and no motion for temporary allowance is filed, the claim shall be allowed to be voted in the reduced amount or on the reclassified basis, as applicable;

(h) if a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether any party has objected to such earlier-filed claim.

17.    The following procedures shall apply for tabulating votes on the Plan:

(a) any Ballot that is otherwise timely completed, executed, and properly cast to the Committee but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed to have voted to accept the Plan;

(b) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly cast Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(c) creditors must vote all of their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted;

(d) a creditor who votes an amount related to a claim that has been paid or otherwise satisfied in full or in part shall only be counted for the amount that remains unpaid or not satisfied, and if such claim has been fully paid or otherwise satisfied, such vote will not be counted for purposes of amount or number; and

(e) except as otherwise provided in this Motion, for purposes of determining whether the numerosity and amount requirements of §§ 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Committee will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

18.     To be counted as a vote to accept or reject the Proposed Amendment to the Deed Restrictions, all Consent Forms must be properly executed, completed, and cast so as to be actually received by no later than the Voting Deadline.

19.     No Ballot will be counted toward confirmation if:

a.      it is illegible or contains insufficient information to permit the identification of the holder of the Claim;

b.      it was transmitted by a method other than as specifically set forth in the ballots;

c.      it was cast by a Person or Entity that is not entitled to vote on the Plan;

d.      it was cast for a Claim listed in GOMO's Schedules as contingent, unliquidated, or disputed, for which the applicable Claims bar date has passed and no Proof of Claim was timely filed, or to which GOMO, the Committee, or another party-in-interest with standing has objected, and such objection remains unresolved;

e.      it is unsigned; or

f.      it is not clearly marked to either accept or reject the Plan, or it is marked both to accept and reject the Plan.

20.     Notwithstanding the foregoing, one Consent Form Package will be sent to each owner in Garden Oaks.

21.     No Consent Form will be counted toward approval of the Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylaws if:

a.      it is illegible;

b.      it was transmitted by facsimile, email, or other electronic means other than as specifically set forth in the Consent Form;

c.      it is unsigned; or

d.      it is not clearly marked to either accept or reject the Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylaws, or it is marked both to accept and reject the Proposed Amendment to the Deed Restrictions and the Proposed Amendment to the Bylaws.

22.     The notice of the time, date, and place of the Confirmation Hearing, substantially in the form of the Confirmation Hearing Notice is approved.

23.     Objections or responses to the confirmation of the Plan, if any, shall (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (iv) be filed, together with proof of service, with the Court no later than _____ ___ 2019 at ____ __.m. (CT) (the "Objection Deadline").

24.     Objections to the confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

25.     The Committee is authorized to submit its written ballot summary as required by Local Rule 3018 on the date that is two (2) days prior to the Confirmation Hearing.

26.     The Committee is authorized to submit their proposed Findings of Fact and Conclusions of Law to be file with the Court on the date that is two (2) days prior to the Confirmation Hearing.

27.     The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

28.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated this __ day of _____, 2019.

_____
UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARDEN OAKS MAINTENANCE** | § | **CASE NO.    18-60018-H2-11** |
| **ORGANIZATION, INC.,** | § | |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE THAT** on January 28, 2019, the Official Committee of Unsecured Creditors of Garden Oaks Maintenance Organization, Inc. (the "Committee") filed a proposed Chapter 11 Plan of Reorganization [ECF No. ___] (the "Plan") and accompanying disclosure statement (the "Disclosure Statement").[1]

**PLEASE TAKE FURTHER NOTICE THAT:**

1. **Confirmation Hearing**. A hearing will be held before the Honorable David Jones, United States Bankruptcy Judge, in Courtroom 401 at 515 Rusk, Houston, Texas 77002 on _____  ___ 2019 at ____ __.m. (CT) (the "Hearing") to consider entry of an order approving and confirming the Plan.  The Committee may modify the Plan, if necessary, prior to, during, or as a result of the Hearing, in accordance with the terms of the Plan. Any modifications to the Plan will be filed with the Court prior to the Hearing or presented at the Hearing.

2. **Plan and Disclosure Statement**. The Plan is available in electronic format online at the following website: _____.

3. **Objection Deadline and Procedures**. Any objection to approval of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to the Plan and/or proposed modification to the Plan; and (d) be filed with the Court so that it is actually received by no later than _____  ___ 2019 at ____ __.m. (CT).

4. **Failure to Object.**  Failure to file an objection to the Plan in conformity with the foregoing procedures may result in the objecting party not being heard at the Hearing.

5. **Plan Voting Procedures**. If you are a creditor entitled to vote on the Plan, you will receive copies of (a) this Notice, (b) the Plan, (c) the Disclosure Statement, (d) Ballot Instructions, and (e) a Ballot.  Please carefully review the instructions for submitting your Ballot.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and/or Disclosure Statement.

6.      **Consent Form Voting Procedures**. If you are a Garden Oaks Owner, you will receive copies of (i) this Notice; and (ii) a Consent Form seeking a vote on the Proposed Amendments to the Deed Restrictions.  Please carefully review the instructions for submitting the Consent Form.

Please note that if you are both a Garden Oaks Owner and a creditor entitled to vote, you will receive both sets of materials.

7.      **Voting Deadline**. The deadline to submit a vote on the Plan as well as the deadline to submit Consent Forms is _____ ____ 2019 at ____ __.m. (CT) (the "Voting Deadline"). Diamond McCarthy LLP, must actually receive your Ballot and/or Consent Form by the Voting Deadline.  Otherwise your vote will not be counted.

8.      **Parties in Interest Not Entitled to Vote**. Holders of claims in the Secured Claim class are not entitled to vote on the Plan.  If you timely filed a proof of claim and disagree with the Committee's classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve the Committee, and file with the Court, a motion (a "Rule 3018(a) Motion") for entry of an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  As to any creditor filing a Rule 3018(a) Motion, such creditor's vote will not be counted except as may be otherwise ordered by the Court.

9.      **Additional Information**. For more information about the solicitation procedures, or for copies of the Plan and Disclosure Statement, parties should contact Charles M. Rubio, Esq. at Diamond McCarthy LLP by email at crubio@diamondmccarthy.com or by phone at (713) 333-5100.

10.      The Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court.

DIAMOND McCARTHY LLP

By:_____
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Tel: (713) 333-5127
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Tel: (713) 333-5128
909 Fannin, Suite 3700
Houston, TX 77010

*Counsel to the Committee*

Exhibit 2

Ballot and Ballot Instructions

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:                                          §
                                                §
GARDEN OAKS MAINTENANCE                         §           CASE NO.      18-60018-H2-11
ORGANIZATION, INC.,                             §
                                                §
        DEBTOR.                                 §

# BALLOT

The document is intended for the following person:

| | |
|---|---|
| **Name:** | **[NAME]** |
| **Address:** | **[ADDRESS]** |
| **Email:** | **[EMAIL]** |
| **Phone:** | **[PHONE]** |
| **Claim Number:** | **[CLAIM NUMBER]** |
| **Claim Amount:** | **[CLAIM AMOUNT]** |

The Official Committee of Unsecured Creditors (the "Committee") of Garden Oaks Maintenance Organization, Inc. ("GOMO") is soliciting votes with respect to the *Committee's Plan of Reorganization of Garden Oaks Maintenance Organization, Inc.* (the "Plan"), described in the Disclosure Statement a copy of which is available at www.[●] (the "Disclosure Statement"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

This ballot (the "Ballot") is to be used by a holder of a claim against GOMO to vote to accept or reject the Plan. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

**You should review the Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and its legal effects.**

**If your Ballot is not submitted by the Voting Deadline (defined below) your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy court it will be binding on you whether or not you vote.**

**VOTING DEADLINE**

The voting deadline is **[MONTH] [DAY], 2019** (the "<u>Voting Deadline</u>").

**CASTING YOUR BALLOT**

You may cast your ballot by any ONE of the following methods:

1.      *Return by Email*: Send the completed ballot to the following email address:

          gardenoaks@diamondmccarthy.com

2.      *Return by U.S Mail/Courier/Personal Delivery*: Send the completed ballot to the following address:

          Diamond McCarthy LLP
          Attention: GOMO Processing
          909 Fannin, Suite 3700
          Houston, Texas 77010

If your ballot is not received by the Voting Deadline or by one of the methods indicated, your vote will not count.

---

**HOW TO VOTE**

1.      In item 1, complete or verify the amount of your claim.

2.      In item 2, mark whether you accept or reject the Plan.

3.      In item 3, mark whether you want to donate the recovery on your claim to Garden Oaks Homeowners Association.

4.      Sign this Ballot.

5.      Return this Ballot by one of the three methods indicated above.

**Item 1.**  Amount of your claim: $[**CLAIM AMOUNT**]

> If the amount of the claim reflected above is incorrect, fill in the correct amount here, otherwise leave blank:
>
> $_____

**Item 2.**  Vote on Plan (check only one box).

| ___ ACCEPT<br>(vote FOR) the Plan | ___ REJECT<br>(vote AGAINST) the Plan |
|---|---|

**Item 3.**  Do you want to donate the recovery on your claim to Garden Oaks Homeowners Association?  If yes, check the box below.   If no, leave the box blank.

| ___ YES |
|---|

**Item 4.**  Sign Ballot.

By signing below, you are confirming you are a creditor of Garden Oaks Maintenance Organization, Inc.

Signature:_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARDEN OAKS MAINTENANCE | § | CASE NO.   18-60018-H2-11 |
| ORGANIZATION, INC., | § | |
| | § | |
| DEBTOR. | § | |

**INSTRUCTIONS FOR CASTING BALLOT FOR**
**ACCEPTING OR REJECTING CHAPTER 11 PLAN**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**
**[●], 2019 AT [●] (CENTRAL TIME).**

---

The Official Committee of Unsecured Creditors (the "Committee") of Garden Oaks Maintenance Organization, Inc. ("GOMO") is soliciting votes on its *Plan of Reorganization of Garden Oaks Maintenance Organization, Inc.* (as amended, the "Plan"), described in a Disclosure Statement, dated [●], 2019 (the "Disclosure Statement"). Capitalized terms used in these Ballot Instructions that are not otherwise defined have the meanings given to them in the Plan.

If you hold a Claim, as defined in the Plan, you are permitted to cast your vote (a "Ballot") to accept or reject the Plan, unless your claim is in an Unimpaired class.

The Plan will be confirmed by the Bankruptcy Court and thereby made binding on you only if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims that vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the interests in each impaired Class of interests that vote on the Plan, and (iii) otherwise satisfies the applicable requirements of § 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**Ballots must be submitted my email, U.S. mail, courier or delivery as follows:**

| If by Email: | If by U.S. Mail/Courier/Personal Delivery: |
|---|---|
| Send the completed ballot to the following email address:<br><br>gardenoaks@diamondmccarthy.com | Send the completed ballot to the following address:<br><br>Diamond McCarthy LLP<br>Attention: GOMO Processing<br>909 Fannin, Suite 3700<br>Houston, Texas  77010 |

Ballots submitted by facsimile transmission will not be accepted. Ballots should not be sent to the Committee members or the Bankruptcy Court.

PLEASE READ THE FOLLOWING INSTRUCTIONS BEFORE COMPLETING AND SUBMITTING YOUR BALLOT

1. The information contained herein is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN CAREFULLY BEFORE COMPLETING THE BALLOT**.

2. All Ballots must be completed in full and signed to be counted in the tabulation of the votes and must be **actually received no later than [●], 2019 AT [●] (CENTRAL TIME). (the "Voting Deadline")** by one of the methods above.

   **If a Ballot is received after the Voting Deadline, it will not be counted.**

3. Please review all information before casting your Ballot for accuracy.

4. When directed, please indicate acceptance or rejection of the Plan. You must vote your entire Claim to accept or reject the Plan. You may not split your vote.

5. If you are completing a Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, if requested, submit satisfactory evidence of your authority to do so (*e.g.*, a power of attorney).

6. A Ballot does not constitute and shall not be deemed a proof of Claim or interest or an assertion of a Claim or interest.

**PLEASE CAST YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT DIAMOND MCCARTHY LLP.**

Dated: _____ __, 2019

DIAMOND McCARTHY LLP
By:_____
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
(713) 333-5127 Telephone
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
(713) 333-5128 Telephone
909 Fannin, Suite 3700
Houston, TX 77010

*Counsel to the Committee*

Exhibit 3

Consent Form

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | | |
|---|---|---|---|
| In re: | § | | |
| | § | | |
| GARDEN OAKS MAINTENANCE | § | CASE NO. | 18-60018-H2-11 |
| ORGANIZATION, INC., | § | | |
| | § | | |
| DEBTOR. | § | | |

# CONSENT FORM

The document is intended for the following person:

| | |
|---|---|
| **Name:** | **[NAME] or Current Owner** |
| **Address:** | **[ADDRESS]** |
| **Email:** | **[EMAIL]** |
| **Phone:** | **[PHONE]** |
| **Garden Oaks Section:** | **[SECTION NUMBER]** |

You are receiving this Consent Form because you are a current property owner in the Garden Oaks Subdivision ("***Garden Oaks***") in the section specified above.  As a property owner, you are a party in interest in the Garden Oaks Maintenance Organization, Inc. ("***GOMO***") bankruptcy case.[3]

A plan of reorganization has been filed in the GOMO bankruptcy case.  The plan of reorganization is intended to resolve certain legal deficiencies of GOMO's current organization.  The plan proposes to reorganize GOMO so that its status as a non-profit corporation is preserved and it can still enforce deed restrictions in Garden Oaks.   The plan proposes to change the name of GOMO to "Garden Oaks Homeowners Association" (as reorganized, the "***Garden Oaks HOA***").

In order to successfully implement the plan of reorganization, the plan sponsors request the you accept the proposed amendments to the current deed restrictions of Garden Oaks and the proposed amendments to the bylaws of Garden Oaks (collectively, the "***Proposed Amendments***"). The Contents of this Consent Form describe some of the provisions of the Proposed Amendments. This is a summary of the provisions only and reference is made to the complete versions of the Proposed Amendments.  Each resident should carefully review the complete version of the Proposed Amendments prior to making a decision.

The Proposed Amendments are intended to accomplish the following.

1. ***Resolve Current Legal Dispute Surrounding Authority to Collect the Mandatory Transfer Fee***.  The amendments to the deed restrictions are intended to resolve the complicated legal dispute surrounding the implementation of the current transfer fee.   The

---

[3]     This Consent Form in being sent in connection with the Plan of Reorganization of Garden Oaks Maintenance Organization, Inc. (the "Plan") filed by the Official Committee of Unsecured Creditors (the "Committee") of GOMO.

amendments to the deed restrictions replace the transfer fee (and any other mandatory fee) with a an $80.00 annual fee per lot.   There will be certain exemptions available for current owners in Garden Oaks including an exemption for current resident owners 65 years of age or older.

2.      ***Permanently Remove Outdated and Unenforceable Racial Restrictions***.   The current Deed Restrictions applicable to each section of Garden Oaks include a racial restriction stating that property in the neighborhood cannot be sold to anyone who is not a member of the "Caucasian" race.  This restriction has been unenforceable since the 1948 United States Supreme Court decision in *Shelley v. Kraemer*. While unenforceable, it still appears in the Deed Restrictions.   The Proposed Amendments permanently remove this racial restriction language.

3.      ***Lower Approval Threshold to Enact Changes***.   The Proposed Amendments change the way to amend the deed restrictions.   Under the current Deed Restrictions two-thirds (2/3) of all residents must approve a change.   Under the Proposed Amendments, the affirmative approval of a simple majority will be sufficient to change the deed restrictions.   This will make it easier for the neighborhood to make important changes in the future.

4.      Bylaw changes to require representation from each participating section of Garden Oaks, make elections more inclusive and open, and have member oversight for major actions by the Board.

---

### RETURNING YOUR CONSENT FORM

You can return this Consent Form by any ONE of the following methods:

1.      *Return by Email*: Send the completed consent form to the following email address:

gardenoak@diamondmcarthy.com

2.      *Return by U.S Mail/Courier/Personal Delivery*: Send the completed consent form to the following address:

Diamond McCarthy LLP
Attention: GOMO Processing
909 Fannin, Suite 3700
Houston, Texas  77010

### DEADLINE

The Plan Sponsors request that your return this consent form by **[MONTH] [DAY], 2019**.

---

**HOW TO COMPLETE FORM**

1.  In item 1, mark whether you accept or reject the Proposed Amendments.

2.  In item 2, indicate whether you nominate yourself for candidacy to the Board of Directors of Garden Oaks HOA.

3.  In item 3, indicate whether you nominate another resident or support the nomination of another resident.

4.  Sign this Consent Form.

5.  Return this Consent Form by one of the thee methods indicated above.

---

1.  **Either Accept or Reject the Proposed Amendments (check only one box):**

| ___ ACCEPT<br>(vote FOR) the Proposed Amendments | ___ REJECT<br>(vote AGAINST) the Proposed Amendments |
|---|---|

**2. Do you nominate yourself for candidacy to the Board of Directors of Garden Oaks Homeowners Association?**

| ___ YES |
|---|

**3. Do you want to nominate or support the nomination of another Property Owner to the Board of Directors of Garden Oaks Homeowners Association? If the answer is yes, please identify the name and address of the person below.   If the answer is no, leave blank.**

Name of Owner: _____

Address: _____

_____

_____

**4. Sign this Consent Form:**

By signing below, you are confirming you are a current resident in Garden Oaks.

Signature:_____