## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARDEN OAKS MAINTENANCE** | § | **CASE NO.    18-60018-H2-11** |
| **ORGANIZATION, INC.,** | § | |
| | § | |
| **DEBTOR.** | § | |

### STATEMENT AND RESERVATION OF RIGHTS

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors of Garden Oaks Maintenance Organization, Inc. (the "Committee") files this *Statement and Reservation of Rights* in connection with Chapter 11 Plan [ECF 70] (as amended, the "Chapter 11 Plan") and Disclosure Statement [ECF 68] (as amended, the "Disclosure Statement") filed by Garden Oaks Maintenance Organization, Inc. (the "Debtor").

The Committee does not support the Debtor's Chapter 11 Plan.  The Committee requests that the Debtor include the attached letter in the solicitation package for the Debtor's Chapter 11 Plan to identify areas of agreement and disagreement between the Debtor and the Committee with respect to the Debtor's Chapter 11 Plan.

The Committee reserves all its rights to object to the Chapter 11 Plan and Disclosure Statement.

Dated:  January 28, 2019

Respectfully submitted,

DIAMOND McCARTHY LLP

By: */s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Tel: (713) 333-5127
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Tel: (713) 333-5128
909 Fannin, Suite 3700
Houston, TX 77010

*Counsel to the Official Committee of Unsecured Creditors of
Garden Oaks Maintenance Organization, Inc.*

Committee's Letter for Solicitation Package

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF GARDEN OAKS MAINTENANCE ORGANIZATION

January 28, 2019

Dear Creditors and Homeowners of Garden Oaks:

The Official Committee of Unsecured Creditors of Garden Oaks Maintenance Organization Inc. recommends that the creditors and homeowners of Garden Oaks reject the chapter 11 plan (the "Chapter 11 Plan") filed by Garden Oaks Maintenance Organization, Inc. (the "Debtor") for the following reasons:

1. **Insufficient Distributions to the Creditors**.   The Debtor's Chapter 11 Plan provides $50,000 in total distributions to the Debtor's pre-petition creditors even though the Debtor has more than $700,000 in available cash.  The Committee believes that by providing the creditors with only $50,000, the Debtor's Chapter 11 Plan cannot be confirmed.

2. **Debtor's Proposed Amendments to Deed Restrictions and Bylaws Are Too Broad**. While the Committee believe that the Garden Oaks' deed restrictions and bylaws need to be modernized, the Debtor is proposing sweeping changes to the deed restrictions.  Some of these changes are controversial and unnecessary to accomplish the objective of the bankruptcy case.  The Committee believes that the amendments to the deed restrictions should be limited to the least controversial matters and those matters that are critical for a successful chapter 11 case.   Specifically, the Committee supports amendment to the deed restrictions that provides for the following:

   a. *Resolve Current Legal Dispute Surrounding Authority to Collect the Mandatory Transfer Fee*. The Committee supports an amendment to the deed restrictions to convert the current transfer fee to $80.00 annual fee per lot.

   b. *Permanently Remove Outdated and Unenforceable Racial Restrictions*. The Committee supports removing the outdated and illegal racial restriction in the deed restrictions.

   c. *Lower Approval Threshold to Enact Changes*.  The Committee supports altering the amendment provisions to reduce the threshold necessary to adopt amendments from approval by two-thirds (2/3) of all owners to a simple majority of all owners.

The Committee does not support the other changes proposed by the Debtor that include restrictions on running a business in the home, restrictions on garage apartments, new architectural restrictions, and the undocumented "grandfathering" and acceptance of any existing violations on the day the Debtor's Chapter 11 Plan takes effect.

Furthermore, the Committee does not support the changes proposed by the Debtor in the deed restrictions and the bylaws that are designed to give the Debtor's Board of Directors more discretion on how they enforce the deed restrictions.   For example, the Debtor is proposing giving the Board authority to grant variances that will excuse someone from violating the deed restrictions   The Committee believes that giving the Board more discretion

on enforcing the deed restrictions is unfair.   The deed restrictions should be enforced equally and no special treatment should be provided to any homeowner.

3. **Debtor's Chapter 11 Plan May Continue the Dispute Surrounding the Transfer Fee**. The Debtor filed its bankruptcy case because the Debtor received a negative state court ruling finding that the Debtor lacks the authority to require the payment of the transfer fee.   The Debtor has taken the position that if the Chapter 11 Plan fails then the transfer fee will remain. The Debtor's Chapter 11 Plan does not address what will happen with the transfer fee if the homeowners do not approve the Debtor's proposed amended and restated deed restrictions. The Committee believes that any Chapter 11 Plan should make clear that the Debtor will no longer collect the transfer fee regardless of whether an amendment to the deed restrictions is adopted.

The Committee is filing a Chapter 11 Plan that the Committee believes is confirmable and will address the foregoing problems with the Debtor's Chapter 11 Plan.   The Committee recommends that the creditors and homeowners of Garden Oaks reject to the Debtor's Chapter 11 Plan for the reasons stated herein.

Respectfully submitted,

Peter Shun-Hsien Chang
Cheryl Luck
Patricia Mehrkam
Gary C. Ingram

As Members of the Committee