UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARDEN OAKS MAINTENANCE | § | Case No. 18-60018 |
| ORGANIZATION, INC. | § | Chapter 11 |
| | § | |
| Debtor. | § | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY HOOVER SLOVACEK LLP AS SPECIAL COUNSEL

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The Official Committee of Unsecured Creditors (the "Committee") of Garden Oaks Maintenance Organization, Inc. ("GOMO" or the "Debtor"), pursuant to section 1103(a) of title 11 of the United states Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), files this application (the "Application") for entry of an order, substantially in the form attached hereto, authorizing the Committee to retain and employ

Hoover Slovacek LLP ("Hoover Slovacek") as special counsel regarding Homeowners Association matters in connection with GOMO's chapter 11 case (the "Chapter 11 Case"). In support of the Application, the Committee submits the declaration of Thi "Nina" Tran attached hereto as Exhibit A (the "Tran Declaration") and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter over to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code § 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

4. On April 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operates its business as a debtor in possession pursuant to Bankruptcy Code § 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On May 31, 2018, the United States Trustee for Region 7 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code § 1102. [ECF No. 28].[1]

## RELIEF REQUESTED

7. The Committee seeks to retain and employ Hoover Slovacek as its special counsel, pursuant to Bankruptcy Code § 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1

---

[1] On January 31, 2019, Sue Schmidt resigned from the Committee. The Committee notified Hector Duran, the trial attorney at the U.S. Trustee's office overseeing this bankruptcy case of Sue Schmidt's resignation.

*nunc pro tunc* to January 30, 2019 pursuant to the terms of the engagement letter attached hereto as <u>Exhibit B</u>.

## BASIS FOR RELIEF

8. Subject to bankruptcy court approval, Bankruptcy Code § 1103(a) authorizes a committee appointed under Bankruptcy Code § 1102 to select and employ attorneys provided that that such attorneys do not represent an entity having an adverse interest in connection with the case. The Committee respectfully submits that the retention of Hoover Slovacek is necessary and appropriate to enable the Committee to fulfill its duties under the Bankruptcy Code and is in the best interests of the Debtor's estate. Further, the hourly compensation rates agreed to between the Committee and Hoover Slovacek are reasonable and Hoover Slovacek has informed the Committee that neither the firm nor any of the professionals employed by the firm represent any party with an adverse connection with the case and its compensation rates agreed to by the Committee are reasonable.

    A.    **Scope of Services**

9. The Committee seeks to retain and employ Hoover Slovacek to, among other things:

    (a)    Advise the Committee and the Committee's general counsel on matters requested in writing related to Homeowners Association law including operations and governance of homeowners associations and implementation of amendments to deed restrictions;

    (b)    Assist and advise the Committee and the Committee's general counsel in negotiations and consultations with the Debtor, creditors and parties in interest related to the operations and governance of a reorganized Debtor and implementation of amendments to the Garden Oaks deed restrictions; and

    (c)    Assist and advise with other related homeowners association matters as requested by the Committee.

    B.    **Hoover Slovacek's Qualifications**

10. The Committee believes that Hoover Slovacek possesses extensive knowledge and expertise in the areas of law relevant to the matters for which it is to be retained and that Hoover Slovacek is well-qualified to represent the Committee in the Chapter 11 Case. Hoover Slovacek has substantial expertise and experience in all aspects related to homeowners association law. Further, Hoover Slovacek possesses the experience, ability, and resources necessary to provide the services the Committee will need during the pendency of this Chapter 11 Case.

11. The Committee believes that employing Hoover Slovacek to provide the services described above is appropriate and in the best interests of the Debtor's estate and its creditors.

C. **Hoover Slovacek's Connections**

12. Except as disclosed in the Application or Tran Declaration, to the best of the Committee's knowledge, the partners and other attorneys and professionals at Hoover Slovacek do not currently represent an entity having an adverse interest in connection with the Chapter 11 Case. Nor do they have any interest adverse to the Debtor or any connections with the Debtor, its creditors, directors, officers, or other significant parties-in-interest, or their respective attorneys and accountants that would prevent Hoover Slovacek from representing the Committee.

13. Based upon the Tran Declaration, the Committee submits that Hoover Slovacek is a "disinterested person" as that term is defined in §§ 101(14) and 1107(b) of the Bankruptcy Code.[2]

14. The Committee has been informed that Hoover Slovacek will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant

---

[2] The Bankruptcy Code only requires that attorneys retained by official committees not represent an adverse party in connection with the particular case. Nonetheless, Hoover Slovacek meets this higher standard.

facts or relationships are discovered, Hoover Slovacek will supplement its disclosure to the Court.  Based on the Tran Declaration, the Committee believes that Hoover Slovacek is in compliance with the requirements of Bankruptcy Code § 1103 and Bankruptcy Rule 2014.

### D. Hoover Slovacek's Compensation

15. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Hoover Slovacek in the Chapter 11 Case be paid as administrative expenses of the Debtor's estates pursuant to Bankruptcy Code §§ 330, 331, 503(b), and 507(a)(2). Subject to this Court's approval and Bankruptcy Code §§ 330, and 331.  Hoover Slovacek will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

16. Hoover Slovacek has advised the Committee that it is Hoover Slovacek's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client. The expenses charged to clients include, among other things, photocopying charges, travel expenses, and computerized research. Hoover Slovacek will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

17. The names, positions and current hourly rates of the Hoover Slovacek timekeepers currently expected to have primary responsibility for providing services to the Committee are as follows:

| TIMEKEEPER | TYPE/POSITION | HOURLY RATE |
|---|---|---|
| Nina Tran | Attorney (Partner) | $340.00 |
| Curtis McCreight | Attorney (Associate) | $200.00 |
| Mark K. Knop | Attorney (Sr. Counsel) | $390.00 |

| | | |
|---|---|---|
| James Leeland | Attorney (Sr. Counsel) | $370.00 |

18. Hoover Slovacek has advised the Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code §§ 330 and 331, the applicable Bankruptcy Rules, and any other applicable order of the Court.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (a) enter an order, substantially in the form annexed hereto, authorizing the Committee to retain and employ Hoover Slovacek as its special counsel, and (b) provide the Committee with such other and further relief as the Court may deem just, proper, and equitable.

*{Remainder of Page Intentionally Left Blank}*

Dated: February 8, 2019.

                      OFFICIAL COMMITTEE OF UNSECURED
                      CREDITORS OF GARDEN OAKS
                      MAINTENANCE ORGANIZATION, INC.

*/s/ Gary Ingram*
Committee Chair

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio (State Bar No. 24083768)
crubio@diamondmccarthy.com
Michael D. Fritz (State Bar No. 24083029)
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone:  713-333-5100
Facsimile:  713-333-5199

*Counsel for the Official Committee of Unsecured Creditors of Garden Oaks Maintenance Organization, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that, pursuant to Local Rule 9003-1, I have caused this document served on the U.S. Trustee and upon those parties registered to receive ECF notifications in this case on February 8, 2019.  Within one business day of this filing, I have caused this filing to be served on those parties set forth in the Order Setting Notice Procedures [ECF 5] entered in this case.

                      */s/  Charles M. Rubio*
                      Charles M. Rubio