IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **Garden Oaks Maintenance** § | **Case No. 18-60018-H2-11** | |
| **Organization, Inc.,** § | | |
| **Debtor** § | | |
| § | | |

## DEBTOR'S OBJECTION TO FIRST AMENDED DISCLOSURE STATEMENT OF THE UNSECURED CREDITORS COMMITTEE

**COMES NOW**, Garden Oaks Maintenance Organization, Inc., ("Debtor"), and files its *Objection to the First Amended Disclosure Statement of the Unsecured Creditors Committee*, and would respectfully show the Court as follows:

1. The Disclosure Statement describes in detail the proposed alteration of all Garden Oaks homeowners' contractual rights as homeowners (deed restrictions and potential injunctive relief in the adversary), however the Disclosure Statement fails to explain why the homeowners of Garden Oaks are not classified, impaired and entitled to participate in the reorganization.

2. The Disclosure Statement fails to explain the necessity or the basis for the improper third-party release of the Committee and it lawyers (IX(B)). The third-party release of the Committee's lawyers is also in conflict with the Texas Rules of Professional Responsibility. See TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, §1.08.

3. The Committee lists Class 1 as unimpaired, however the Disclosure Statement fails to explain the designation in light of the fact that the members of

1

Class 1 are having their legal rights altered due to the third-party release of the Committee and its lawyers.

4. The Disclosure Statement fails to explain why creditors that abstain from voting or vote against the Plan would be deemed to have consented to the third-party release of the Committee and its lawyers. *Disclosure Statement*, ¶IX(B).

5. The Disclosure Statement fails to explain the legal or factual basis of their right to unilaterally determine whether a vote should be counted or not. *Disclosure Statement*, ¶X(D).

6. The Disclosure Statements fails to describe how the Reorganized Debtor will operate post-petition with no funds to operate – all funds will be utilized to pay administrative expenses with the remainder distributed to Class 2.

7. The Disclosure Statement fails to provide an accurate liquidation analysis by utilizing hypothetical amounts, misrepresenting the actual facts.

8. The post-petition budget utilized in the Disclosure Statement fails to explain that after consummation of the proposed Plan, the Debtor will have no cash to fund an operating budget.

9. The Disclosure Statement fails to explain the legal or factual basis for their unilateral ability to declare consummation of the Plan for the sole purpose of addressing an appeal of a confirmation of their plan – an apparent bad faith purpose. *Disclosure Statement*, ¶V(I).

10. The Disclosure Statement misrepresents the amount of estimated professional fees as $100,000.00 to $200,000.00, when the Committee has asserted an interim application for over $100,000.00 for 3 months of work. The estimate is unreasonable and fails to provide an accurate estimate of the Committee's professional fees. *Disclosure Statement*, ¶II(E).

11. The Disclosure Statement fails to describe or explain the legal or factual basis for restricting the right to object to claims solely to the Committee, in direct contravention of the Bankruptcy Rules. *Disclosure Statement*, ¶VII(B).

12. The Disclosure Statement materially misstates the basis and findings in the prepetition litigation with the Changs. *Disclosure Statement*, ¶IV.

13. The Disclosure Statement fails to explain the legal or factual basis for extending the existence of the Committee beyond confirmation, nor does it explain payment of the expenses of such continued existence. Also, neither the budget nor the liquidation analysis explains the impact of the continued existence of the Committee and its legal representation post-confirmation. *Disclosure Statement*, ¶V(K).

14. The Disclosure Statement is not signed by a member of the Committee.

## **PRAYER**

For these reasons, Debtor requests the Court to deny approval of the Disclosure Statement, and allow the Debtor such other and further relief, at law or in equity, to which the Debtor may be justly entitled.

Dated: March 26, 2019.

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
State ID# 15601700
ATTORNEY FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX  77208
713.956.5577
713.956.5570 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic transmission to Charles Rubio by electronic transmission on March 26, 2019.

*/s/ Johnie Patterson*
Johnie Patterson