IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Garden Oaks Maintenance Org, Inc. | § | CASE NO.   18-60018 |
| DEBTOR | § | |
| | § | |

**TRUSTEE'S MOTION TO AUTHORIZE PAYMENT OF STORAGE AND DISPOSAL FEES AND ABANDON PERSONAL PROPERTY (FURNITURE AND OFFICE EQUIPMENT)**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME.   IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO RESERVE YOUR RIGHTS.   IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPONSE BEFORE THE RESPONSE TIME EXPIRES.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Randy Williams, chapter 7 Trustee , and files this *Motion To Authorize Payment of Storage and Disposal Fees* (the "Motion") and in support would respectfully show:

1. A voluntary Chapter 11 was filed by Garden Oaks Maintenance Organization, Inc. (the "Debtor") on April 11, 2018.
2. On June 6, 2019, the Court converted this case to a Chapter 7.
3. Randy Williams was appointed as Chapter 7 Trustee and continues to serve as chapter 7 trustee (the "Trustee").
4. The Debtor operated as a homeowners association, with volunteer officers and directors.
5. At conversion, the Debtor's sole asset was cash ($639,379.38, the current cash balance is $584,728.71) with approximately 444 proof of claim being filed to date.
6. Pre and post-petition, the Debtor leased office space from Progress Investment Properties ("PIP") for an office at Garden Oaks Profession Building, Suite 216 at 4001 N. Shepherd Drive.
7. The Trustee did not assume the lease for the space, and it has been deemed rejected. However, the Debtor's records and some miscellaneous office equipment remained in the space.
8. PIP requests reimbursement of its cost associated with disposing, moving and storing the records and personal property. After negotiation with the Trustee, PIP has agreed to accept the payment of $2,500 to satisfy any and all claims it has to the leased premises and the property of the Debtor it has stored. The Trustee believes that the proposed amount is reasonable.
9. Pursuant to 11 U.S.C. § 503, PIP's claim is entitled to administrative expense priority. PIP agrees that upon payment of the $2,500 they will provide access to the Debtor's records so that they can moved and stored at a new location. The personal property will be abandoned, if this Motion is approved, and PIP will be responsible for disposing of the personal property left in the space.
10. The Debtor scheduled computers, office electronics (projector and screen),

furniture, miscellaneous office equipment and items, such as signs with a total scheduled value of less than $6,000 ("Office Property").  The Trustee has reviewed the list of items, consulted with auctioneers, consulted with the Debtor's former management and board members and PIP regarding obtaining offers to sell the Office Property.   No one consulted was prepared to make an offer, the auctioneers did not believe the items would provide sufficient value to warrant their transportation for sale, and even though the various parties consulted with others, no one was prepared to make an offer to do anything other than trash the items.   Based on the Trustee's experience with used office equipment, the result was not unexpected.

11. As a result, the Trustee requests authority under 11 U.S.C. § 554, the Trustee requests authority to abandon the Tangible Personal Property as being of inconsequential value or otherwise burdensome to the estate.   PIP agrees to assume responsibility for disposing of Office Property if this Motion is granted, and the $2,500 is paid.

**WHEREFORE**, the Trustee requests the Court to enter an Order authorizeing the relief requested herein, and to grant the Trustee such other and further relief, at law or in equity, to which the Trustee may be entitled.

Dated:   March 19, 2020

                                    Respectfully submitted,
                                    By:    */s/ Randy W. Williams*
                                        Randy W. Williams
                                        chapter 7 trustee
                                        7924 Broadway, Suite 104
                                        Pearland, TX 77581
                                        Telephone: 281-884-9262
                                        rww@bymanlaw.com

## CERTIFICATE OF SERVICE

I, Randy Williams, hereby certify that a true and correct copy of the foregoing Motion was posted on the Debtor's website, served upon all entities requesting notice, and served electronically on all parties participating in the Court's CM/ECF system on March 19, 2020.

/s/Randy W. Williams
Randy W. Williams
